MANUEL v. SMITH *et vir.*

No. 3314.   Opinion Filed February 11, 1913.

INDIANS—Lands—Homestead—Alienation.  P., a freedman member of
the Creek Tribe of Indians who had selected an allotment, died
in the month of June, 1902.   On March 26, 1904, there were de-
livered to his heirs two deeds for his said allotment, denominat-
ing portions of it as homestead and surplus.   On September 13,
1905, the mother, as heir of the said decedent, executed a deed
to the said allotment, homestead and surplus.   Held, that the
homestead character never attached to any portion of the said
allotment, and under and by virtue of the terms of the act of
April 21, 1904 (33 St. at L. 189), the restrictions, if any existed,
were removed for its alienation by the heirs of the deceased.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by Malinda Manuel against Ada Smith and James
C. Smith.   Judgment for defendants, and plaintiff brings error.
Affirmed.

*N. B. Maxey, John B. Campbell,* and *Wm. O. Beall,* for
plaintiff in error.

*Owen & Stone,* for defendants in error.

DUNN, J.   This case presents error from the district court
of Okmulgee county.   Malinda Manuel, as plaintiff, brought her
action against Ada Smith and James C. Smith, as defendants,
to cancel certain deeds and for an accounting.   Counsel for plain-
tiff in error state that the case was submitted to the court below
on an agreed statement of facts setting up substantially the fol-
lowing:   That the lands in suit were lands allotted to Clyde
Perryman, who was a freedman member of the Creek Tribe
of Indians and who died in the month of June, 1902; that he was
the son of plaintiff herein, who, on September 13, 1905, executed
a deed to Ada Smith, the consideration named being $600; that
the plaintiff offered to return the money with interest and prayed
that an accounting be had, and that she be allowed reasonable

rents and profits 'for the time which the defendants had possession of the land. The contention is made that the deed was executed for an inadequate and· unconscionable consideration and in violation of the express provisions of the Original and Supplemental Creek Agreements, and was void. It is further contended that it was .void in so far as it affected the homestead allotment, and being void in part, was void *in toto*.

The only question really presented by the agreed statement of facts, and argued and briefed, is the one relating to the right of plaintiff to alienate the land, homestead and surplus, on September 13, 1905, and this ·question, on the authority of *Parkinson v. Skelton*, 33 Okla. 813, 128 Pac. 131, *Rentie v. McCoy, ante*, 128 Pac. 244, *Hawkins v. Oklahoma Oil Co. et al.* (195 Fed. 345), an opinion of the Circuit Court of the United States for the Eastern District of Oklahoma, filed December 28, 1911, and *United States v. Jacobs* (195 Fed. 707), an opinion of the United States Circuit Court of Appeals of the Eighth Circuit, must be decided in accordance with the judgment rendered by the trial court. The opinions in those cases holding, in effect, that the homestead character did not· attach to any portion of this land, notwithstanding the fact that one of the deeds issued nominated a portion of it as such, and that if any restrictions existed, they had been removed in 1905 by the act of April 21, 1904 (33 St. at L. 189), and the heirs had the right to alienate.

The judgment of the trial court is therefore affirmed.

TURNER, J., concurs; KANE, J., concurs in the· conclusion; HAYES, C. J., and WILLIAMS, J., absent, and not participating.