Hayes v. Rogers.

I. N. HAYES v. JOHN R. ROGERS, *et al.*

COMMISSIONER DISTRICTS; *Election; Mandamus.* In 1873, Harvey county was duly divided into commissioner districts. On October 8, 1879, an order was made by the county board making a new arrangement of districts, to take effect upon publication thereof. Publication was made Oct. 30th, 1879. The new second district contained none of the territory embraced in the old. The sheriff's proclamation of election was issued before October 8th, calling, among other things, for the election of a commissioner from the second district. No new proclamation was issued. On Nov. 3, the day before election, some electors of the old second district attempted to take the order up on appeal to the district court. At the election a full vote for commissioner was cast in the new district, and the party receiving the majority declared elected. In the old second district about a half a vote for commissioner was cast, and plaintiff received all of this vote. On application for a mandamus to compel the canvass of the vote in the old district, *held,* that the order of the commissioners of Oct. 8th was valid, operative at the ensuing election, and not stayed by the attempted appeal, and that plaintiff acquired no rights to the office of commissioner by the votes cast in the old second district.

*Original Proceedings in Mandamus.*

ACTION brought in this court November 28, 1879, by *Hayes,* against *John R. Rogers, A. H. McLain* and *George Seaton,* commissioners of Harvey county, and *H. W. Bunker,* county clerk of said county, to compel a canvass of the vote cast for him for commissioner of the old second district of that county, at the general election in November, 1879. To the alternative writ issued December 12, 1879, the defendants appeared and answered, showing cause for their refusal to canvass the votes cast as aforesaid. The opinion filed herein September 21, 1880, contains a sufficient statement of the facts.

*A. L. Greene,* and *Ady & Grattan,* for plaintiff.
*John Reid,* for defendants.

The opinion of the court was delivered by

BREWER, J.: This is an original action in this court, brought by plaintiff to compel the canvass of a vote cast for him for

county commissioner of the second district of Harvey county. The facts are these:

The defendants are the board of commissioners and clerk of Harvey county, Kansas. In October, 1873, the board of commissioners subdivided the county into three commissioner districts, as follows:

First district: Newton, Pleasant, Walton, and Highland townships.

Second district: Richland, Darlington, Sedgwick, Lakin, and Lake townships.

Third district: Alta, Garden, Emma, Macon, Halstead, and Burrton townships.

The districts so constituted remained unaltered, and said board never attempted to alter them in any way until the action herein complained of.

On the 8th day of October, 1879, the board passed the following order:

"Moved, by Commissioner Seaton, that the commissioner districts of Harvey county, Kansas, be changed as is shown below; the change to take effect from and after the publication in the *Newton Republican.*

"First commissioner district, (population, 3,289 inhabitants,) to comprise the townships of Sedgwick, Darlington, Richland, Pleasant, Walton, and Highland.

"Second commissioner district, (population, 3,693 inhabitants), to comprise the townships of Newton and Macon.

Third commisssioner district, (population, 3,378 inhabitants,) to comprise the townships of Alta, Lake, Lakin, Burrton, Halstead, Garden, and Emma."

This order was not officially published until the 30th day of October, 1879, though the matter had been repeatedly spoken of in the papers of the county before that time, and was fully known in the county. Election day was November 4th, 1879. On November 3d, an appeal from this order was attempted to be made by some of the electors of the old second commissioner district. On election day, about half of the voters in the old district voted for commissioner, and plaintiff received all of these votes. In the new second dis-

trict a full vote was polled, and one W. W. Tourtelott received a majority, and was duly declared elected. The sheriff published no new notice of election after the change in the commissioner districts, his proclamation simply calling for the election of a commissioner from the second district. Upon this, plaintiff contends that the order was void, because it was not for the alteration of existing districts, but the annihilation of old and creation of new, as of unorganized territory. The second district contains none of its former territory.

We do not think the objection well taken. The statute gives the commissioners full power to make the change. It reads: "Each county . . . shall be divided by the board of county commissioners into three compact districts, as equal in population as possible, numbered respectively one, two, and three, and subject to alteration at least once in three years, and one commissioner shall be elected," etc. (Comp. Laws 1879, p. 273, § 11.) Now we do not think that under this power of alteration it is essential that some portion of each former district be found in the new. Full power of rearranging the county into commissioner districts is given, with the limitations that they shall be compact districts, and as equal in population as possible. In the very nature of things, the changes of population in some of our new and growing counties would require very radical changes of territory in order to make the districts equal in population. Even according to the ideas of counsel, it would require only two orders of the county board instead of one to do just what they did in this case. The alterations can be made as often as the commissioners see fit. The statute evidently contemplates one every three years. (*Foltz v. Comm'rs of Benton County,* 50 Ind. 562.)

A second proposition of counsel is, that the order was inoperative to affect that election, because not published in time. The sheriff is required to give notice by proclamation at least fifteen days before the election, and this order of change was not published and did not become operative until October 30th. We cannot agree with counsel. This was a

10—24 KAS.

general election, and the omission of the proclamation would not vitiate the election. More than that, his proclamation would not define the boundaries of the second district; it would and did simply call for the election of a commissioner from that district. The legal boundaries of that district are fixed by the order of the commissioners, and that full knowledge of such order and boundaries was had by the voters is evidenced by the votes. It is unnecessary to consider what effect an order not made in time for general knowledge of the voters would have.

A final proposition is, that the order was stayed by the attempted appeal. We do not think the appeal amounted to anything. We do not understand that a mere political and governmental order of the county board — one not affecting private rights — can, by one interested solely as an elector, be taken on appeal to the district court. Where some distinct private right is trespassed upon, a party injured thereby may take the order up by appeal and have it reviewed, but a certain amount of legislative power is given to the commissioners, and their action in these respects is not the subject of review by appeal, except where specifically so provided. It would be strange if all political and legislative action of the county board could be stayed by any one willing to give an appeal bond. We do not think this a matter subject to appeal at the instance of one who has no other interest than that of an elector.

These are all the matters presented by plaintiff. We think the order of the commissioners valid. Large powers are in this respect intrusted to them, as well as an almost unlimited discretion. It is generally true that where power to act is granted without direction or limitation as to the time and manner of acting, the power can be exercised at any time and in any manner. Only the question of power is before us, and we think the commissioners had the power to make the order which they did.

Judgment will therefore be entered in favor of defendants.

All the Justices concurring.