## PARKER *et al.* v. BOARD. OF COM'RS OF TILLMAN COUNTY.

No. 3644.   Opinion Filed March 24, 1914.

(139 Pac. 981.)

1. **COUNTIES—Proceedings by Commissioners—Decisions Appealable.** Where the county commissioners have advertised for bids to erect a bridge across a large creek on a section line, and on the date for opening the bids some private citizens and taxpayers appear before the board in session and orally ''protest against the location of the bridge at the point named in the advertisement,'' and the board overrules such protest, and proceeds to let the contract, **held**, that the action of the board on the protest was not a ''decision of the board on a matter properly before it,'' from which an appeal to the district court will lie, for the reason that such action was merely the exercise by the board of ministerial and administrative authority vested in it by the law.

2. **SAME—Appeal—Extent of Jurisdiction.** Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only; same being confined to the jurisdiction the board had and none other, to an inquring, de novo, as to the very matter upon which the board was called upon to act. Such appeal cannot be converted into an action in equity so as to enlarge the jurisdiction beyond that of the inferior tribunal.

(Syllabus by Brewer, C.)

*Error from District Court, Tillman County;*
*J. T. Johnson, Judge.*

The protest of A. Parker and others against an action of the Board of County Commissioners of Tillman County being overruled, they appealed to the district court, and, from the action of that court in sustaining a demurrer to the petition in appeal, bring error. Affirmed.

*Mounts & Davis* and *W. E. Hudson,* for plaintiffs in error.

*H. P. McGuire* and *S. W. Johnson,* for defendant in error.

Opinion by BREWER, C.   In October, 1910, the board of county commissioners of Tillman county gave notice by proper advertisement that on December 5, 1910, they would open sealed bids for the erection of a steel bridge across a creek between sections 12 and 13 of a certain township in said county.   On the date named for opening and considering the bids to build the bridge at the points designated, A. Parker and certain other individuals, claiming to represent themselves and other taxpayers, appeared before the board of county commissioners while it was in session; the record proceedings showing as follows:

"That said persons appeared and protested against the erection and construction of said bridge at said point and requested the board of county commissioners of Tillman county, Okla., to hear proof and give them a hearing as to whether said bridge should be located at said point."

So far as the record shows, this protest was verbal and was overruled and ignored by the board, which proceeded to open bids and award the contract for the bridge to the lowest responsible bidder.   On the same date a written notice was filed with the board of county commissioners of an intention to appeal from the action of the board to the district court, which was later done, where a lengthy statement of the matter was prepared and filed in the nature of a petition setting out at considerable length the grievances of appellants.   The matter coming up for hearing in the district court, a demurrer was sustained to the petition in appeal, and upon this decision of the district court error is predicated, and the cause brought here for review.

The district court was evidently of the opinion that it was without jurisdiction in the matter; in other words, that the action of the commissioners, sought to be appealed from, was not an appealable order.   Our statute (section 1690, Comp. Laws 1909; section 1640, Rev. Laws 1910) provides for an appeal to the district court "from all decisions of the board of commissioners upon matters properly before them," etc.

It has been very generally held that statutes of this nature providing generally for appeals from the action of the county boards is confined to decisions involving the exercise of the judicial power and discretion lodged in such boards, and that it does not include the right of appeal from the action of the board where such action is ministerial, or is had in the exercise of the administrative power or functions of the board. It was so held in *Territory v. Neville et al.,* 10 Okla. 79, 60 Pac. 790, where numerous decisions are cited and discussed by the court. In that case it was held:

"The action of the board of county commissioners in ordering an election to determine the location of a county seat is a ministerial act, and not a judicial decision, in which an appeal lies to the district court."

As to ministerial or executive duties, see *Jamieson v. State Board of Medical Examiners,* 35 Okla. 685, 130 Pac. 923. In 11 Cyc., beginning at page 405, in discussing the question of appeals from county boards, it is said:

"* * * But in most jurisdictions express statutory provision is made for the taking of appeals from such decisions and orders, where they are final, judicial in their character, and are made in regard to matters affecting the rights of an individual as distinguished from the public. If, however, in rendering its decision the board acts in a purely ministerial or administrative capacity, no appeal will lie. So where the matter involves no question of the legal right, but simply a matter for the exercise of the discretion of the board, an appeal from its action on such matter is not authorized," etc.

In *State v. Board of Commissioners,* 29 S. D. 358, 137 N. W. 354, the decision and determination of the county commissioners to submit to the voters the question as to whether liquor licenses should be granted was held to be a "purely administrative act upon the part of the body vested with that authority," and is not such an action as can be reviewed on appeal.

In *Dudley et al. v. Blountsville et al.,* 39 Ind. 288, it is held:

"No appeal lies from the decision of a board of county commissioners upon an application of a turnpike company for leave to construct its road along a public highway." ·

In *Farley v. Board of Commissioners,* 126 Ind. 468, 26 N. E. 174, it is held that an order made by the board allowing certain

animals to run at large "is an administrative, not a judicial act, and an appeal will not lie from such order." And in the body of the opinion it is said:

"As the law is now settled in this state, the only room for uncertainty in determining when appeals will, and when they will not, lie from the decisions of boards of county commissioners, is in determining whether the given decision is judicial in its character, or whether in making such decision the board acted in a ministerial or administrative capacity. If the decision is judicial in its nature, an appeal will lie, unless expressly or impliedly forbidden by statute. If, however, in making such decision the board acted in a purely ministerial or administrative capacity, or in the exercise of a discretionary power, no appeal will lie. *Padgett v. State,* 93 Ind. 396, and cases there cited."

In *Potts v. Bennett et al.,* 140 Ind. 71, 39 N. E. 518, the court held that the action of the board in taking out insurance on public buildings in which the premium exceeded $3,000 involved only the ministerial or administrative powers of the board and that no appeal would lie from such action. The court in the opinion says:

"The power exercised in the case before us in entering into the insurance contracts was purely ministerial or administrative in its character, and the board in exercising it acted in their capacity as a corporation and not as a court; their act being that of the county in its corporate capacity. So long as they acted in good faith and within the powers conferred on them by the statute, their acts cannot be brought in question by appeal."

In *Hayes v. Rogers et al.,* 24 Kan. 143, which was a case where the board of county commissioners made an order rearranging the commissioners' districts so as to change the former boundaries, and changing territory from the old to the new districts to take effect on publication, etc., some electors attempted to appeal from this order. In discussing the effect of this appeal, Mr. Justice Brewer says:

"A final proposition is that the order was stayed by the attempted appeal. We do not think the appeal amounted to anything. We do not understand that a mere political and governmental order of the county board—one not affecting private rights—can, by one interested solely as an elector, be taken on appeal to the district court. Where some distinct private right is trespassed upon, a party injured thereby may take the order

up by appeal and have it reviewed; but a certain amount of legislative power is given to the commissioners, and their action in these respects is not the subject of review by appeal, except where specifically so provided. It would be strange if all political and legislative action of the county board could be stayed by any one willing to give an appeal bond. We do not think this a matter subject to appeal at the instance of one who has no other interest than that of an elector."

The board of county commissioners, when acting as such, represents the county. It administers its internal affairs and performs for it its governmental functions. Under the statute (Comp. Laws 1909, sec. 7860) it is given sole control of all bridges over twenty feet long in the county with power to contract for the erection and maintenance of such improvements. Section 7783, *Id.* (Rev. Laws 1910, sec. 7581) is to the same general effect, putting all bridges more than twenty feet long under the control and supervision of the board, and specifically providing that such bridges shall be built at such places as may be necessary for the public convenience, etc. Section 7811, Comp. Laws 1909 (Rev. Laws 1910, sec. 7609), directs that "the board of county commissioners shall provide all roads improved under the provisions of this act with suitable bridges of a permanent and substantial character and shall keep and maintain same in repairs."

In this case it will be borne in mind that the protest before the board did not extend to any claim of irregularity in the preliminary notices upon which bids were to be received, nor did it challenge the right to build a bridge for want of funds, or for any other reason. It simply went to the one point alone; that being that these individuals thought that the bridge to be built and which they evidently wanted built should not be built at this particular point—that is to say, on the section line between sections 12 and 13 where it crosses a large creek. We are lead to believe from an examination of a great many authorities, some of which are cited above, that the board of county commissioners in designating the point for the bridge in question were merely exercising an administrative or governmental function, imposed upon them by the law, and that, such being the case,

their ignoring or overruling a verbal protest expressed by these individuals did not constitute action and decision upon matters properly before the board from which an appeal would lie to the district court, and that therefore the action of the court was not erroneous.

We are aware that in the petition filed in the district court appellants undertake to extend the scope of their protest and grievances, and that in the brief filed here the argument has taken wide range, attacking almost every step in the proceedings under which the contract was later let for the building of the bridge; but none of these matters are involved in the action of the board appealed from. What they appealed from and its scope is confined to the matter upon which the board acted; to the very thing which was brought before it by the aggrieved parties.

It has been said in this court (*Bostick v. Board of County Com'rs*, 19 Okla. 92, 91 Pac. 1125):

"Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only, which is the jurisdiction that the inferior tribunal had and none other; and in such case the district court cannot convert such action into an action of equity and assume a jurisdiction of equity that the inferior tribunal did not have."

The cause should be affirmed.

By the Court: It is so ordered.