**CHICAGO, R. I. & P. R. CO. v. WILLIS, County Treasurer.**

No. 9920—Opinion Filed May 27, 1919.

(Syllabus by the Court.)

**Constitutional Law — Judicial Department— Encroachment by Legislature.**

Section 5, c. 30, Session Laws 1916, construed, and held to be amendatory of section 2, art. 3, c. 173, Session Laws 1915, and not a construction thereof, and therefore not unconstitutional as a legislative encroachment upon the power conferred upon judicial department of the state by the Constitution.

Error from District Court, Blaine County; Thomas A. Edwards, Judge.

Action by the Chicago, Rock Island & Pacific Railway Company against Bert R. Willis, as County Treasurer of Blaine County, Okla., and personally. Demurrer to petition sustained, and judgment for defendant, and plaintiff bring error. Affirmed.

John E. Du Mars, C. O. Blake, R. J. Roberts, and W. H. Moore, for plaintiff in error.

Ben Smith, J. P. Wishard, S. P. Freeling, Atty. Gen., and John B. Harrison, Asst. Atty. Gen., for defendant in error.

KANE, J. This was an action for the purpose of recovering certain taxes paid under protest commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below. Hereafter, for convenience, the parties will be called "plaintiff" and "defendant," respectively as they appeared in the trial court.

The petition of plaintiff was in 12 paragraphs, to the last of which the trial court sustained a demurrer, whereupon, the plaintiff electing to stand upon its petition, judgment was entered in favor of the defendant, to reverse which this proceeding in error was commenced.

Whilst the demurrer raises several questions of law, the only one we are called upon to notice is stated in the second assignment of error as follows:

"The court erred in sustaining defendant's second ground of demurrer to plaintiff's petition for the reason stated therein, 'that said twelfth cause of action does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against defendant.'"

The taxes covered by this particular paragraph of the petition was a levy of 1.50 mills for the county road construction fund, made under and in pursuance of the authority of section 5, c. 30, of the Session Laws of 1916. The contention is that this section is unconstitutional and void for the reason that it purports to be merely an interpretation of another unambiguous statute, to wit, section 2 of article 3, c. 173, of the Session Laws of 1915, which grant to the county the right to levy only 0.25 mills for county road construction fund, and that, the former statute being unconstitutional, the latter prevails and governs the levy that may be made for the purpose named. On the other hand, whilst counsel for the defendant concede that, if the plaintiff's assumption that section 5, supra, is merely a legislative construction of section 2, c. 173, supra, then the authorities cited by them are in point, and their contention should be held to be well taken, they say:

"If we rightly comprehend the case and correctly view the act of 1916, then plaintiff's whole premise is wrong; for, as we construe the act, it is not in fact nor in effect a construction of the act of 1915, but in reality is an amendment of such act."

So the question for consideration then is whether section 5 was intended merely as a construction of section 2, or whether it was intended to be an amendment of that act. Section 5, which embraces section 2, reads as follows:

"Whereas section 2, article 3, chapter 173, Session Laws of Oklahoma, 1915, read as follows:

"'Sec. 2. The county excise board in each county in the state is hereby authorized, at the option of said board, to make a levy of one-fourth of one mill upon all property in any said county subject to taxation upon an ad valorem basis; said levy when made and collected shall be converted into a county road construction fund, and shall be used for

the construction and maintenance of county highways, under the supervision of the board of county commissioners as provided in this act; provided, that in order to carry into ef-fect the provisions of this act, the county board may levy for current expenses of said county not to exceed eight (8) mills.'

"It is hereby declared that the meaning and intent of said section is as follows:

" 'Sec. 2. In addition to the one mill levy authorized for common school purposes and in addition to the levies authorized for cur-rent county expenses by chapter 195, Session Laws 1913, the county excise board in each county in this state is hereby authorized at the option of said board, to make an addi-tional levy for road purposes upon all prop-erty in said county subject to taxation upon an ad valorem basis, in an amount which. to-gether with the aforesaid levies authorized to be made in said chapter 195, Session Laws 1913, shall not exceed a total of eight (8) mills; said additional levy when made and collected shall be credited to the county road construction fund, and shall be used for the construction and maintenance of state high-ways under the supervision of the board of county commissioners as provided in this act.' "

The part of the title of the act necessary to notice read as follows:

"An act, amending sections 1, 6, and 8, of article 2, chapter 173, and sections 1, 2, and 3, of article 3, chapter 173, and section 10 of article 2, chapter 173, of the Session Laws of Oklahoma, 1915, relating to the appointment and employment of county engineer."

The contention of counsel for the plaintiff is that the words of the act following the proviso, "it is hereby declared that the mean-ing and intention of said section is as fol-lows," stamp the provision as a declaratory act, and, inasmuch as the act which it pur-ports to construe is unambiguous, the Leg-islature was without authority to pass the declaratory act, for the reason that the power to construe statutes was granted to the judicial department of the state by sec-tion 1, art. 4, of the Constitution, which provides:

"The powers of the government of the state of Oklahoma shall be divided into three sepa-rate departments: The legislative ,execu-tive, and judicial; and except as provided in this Constitution, the legislative, executive, and judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

On the other hand, it is contended that in construing those statutes it is the duty of the court to consider not only the language quoted above, but the whole act in connec-tion with the title and proviso; and that,

when this is done, it can be clearly seen that the Legislature intended to amend section 2, art. 3, c. 173, Session Laws 1915.

We think the latter contention is correct. Section 57, art. 5, of the Constitution pro-vides:

"Every act of the Legislature shall embrace but one subject, which shall be clearly ex-pressed in its title," etc.

Mr. Black, in his work on Interpretation of Laws, p. 175, states the rule as follows:

"Where the Constitution of the state pro-vides that each act of the Legislature shall relate to but one subject, which shall be ex-pressed in the title, the effect is to make the title a part of the enactment, so that any pro-visions of the act which lie outside the title will be rejected by the courts as unconstitu-tional, if that can be done without destroy-ing the entire law. In this case it is very clear that the title may be resorted to as an aid in the interpretation of the statute, and that it will be entitled to greater weight than belongs to it in the absence of this constitu-tional provision, since it must be presumed that the mind of the Legislature was directed to the title no less than to the provision of the enacting clause."

We think the preamble also tends to throw some light upon this question to the same ef-fect.

Black on Interpretation of Laws, p. 176, says:

"The preamble to a statute is an introduc-tory clause which sets forth the reasons which have led to the enactment by reciting the state of affairs intended to be changed, the evils designed to be remedied, the ad-vantages sought to be secured or promoted by the new law, or the doubts as to the prior state of the law which it is meant to remove. It is thus an exposition of the motives of the Legislature, and in some sense a key to the meaning of the terms which they have em-ployed to express their avowed intention."

Interpretation clauses are not uncommon in legislation, and when a statute contains such a clause, the courts are bound to adopt the construction which it prescribes, and to understand the words in the sense in which they are therein defined, although otherwise the language might have been held to mean something different. Black on Interpreta-tion. p. 191.

We think, when this act is viewed in its entirety, together with its title and pre-amble. it becomes quite clear that it was not intended as a construction of the act of 1915, but was intended to be an amendment of that act, and that the words by which the section itself is introduced are merely

declaratory of the meaning which the Legislature intended the amendment to have.

For the reasons stated, the judgment of the court below must be affirmed.

All the Justices concur, except HARRISON, J., not participating.