## BOARD OF COM'RS OF CHEROKEE COUNTY v. HATFIELD et al.

No. 17418—Opinion Filed June 1, 1926.

(Syllabus.)

1. Counties—Decisions of Board of Commissioners Appealable to District Court—Alteration of Commissioners' Districts.

Section 5834, C. S. 1921, as amended by chapter 43, S. L. 1923, provides:

"From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved, including the county by its county attorney. * * *"

The foregoing language implies that an issue of some kind must be properly before the board of commissioners for a decision, and that in all matters properly before the board, where an issue is involved necessitating a decision, and a party or parties are aggrieved by such decision, when made, they have the right of appeal to the district court for a trial de novo.

Where the matter of altering the commissioners' districts of a county is properly before the board of commissioners, and such matter requires a decision of the board as to the necessity or propriety of such alteration, and the board decides in favor of such alteration, such decision carries with it the mandate that the commissioners' districts shall be changed, and is necessarily judicial in its nature and appealable under the foregoing statutes.

2. Same — Statutes Construed—Legislature Without Power to Assume Judicial Function of Construing Previous Acts.

Chapter 65, S. L. 1925, is entitled:

"An act amending section 5776, Compiled Statutes of Oklahoma, 1921, relating to county commissioners' districts, clarifying the law, and declaring an emergency."

Section 5776, C. S. 1921, contains the following provision: "Each county shall be divided by the board of county commissioners into three compact districts, as equal in population as possible, numbered respectively one, two and three, and subject to alteration at least once in three years, and one commissioner shall be elected from each of said districts by the voters of the district as heretofore provided."

Said chapter 65, S. L. 1925, does amend said section 5776, C. S. 1921, by leaving out the words, "and subject to alteration at least once in three years," and substituting the words, "and subject to alteration not more than once in three years."

Held, said chapter 65 is amendatory and prospective in its effect and is not a mere legislative construction and retroactive.

Held, further, that under section 1, article 4, of the Constitution, as construed in C., R. I. & P. Ry. Co. v. Willis, 75 Okla. 13, 181 Pac. 307, the Legislature has no power to construe the acts of a previous Legislature and make such construction binding upon the judiciary.

3. Same—Effect of Amendatory Act Relating to Change in Districts.

Under said section 5776, the Board of Commissioners were required to alter their commissioners' districts at least once within three years, and had implied authority to alter them more than once within three years, where conditions required such alteration in order to maintain the districts equal in population.

Under said section 65, the board is prohibited from making more than one change within three years.

Hence, having authority under the old statute to make more than one change within three years, and being given authority under the new statute to make one change and only one change within three years, they had authority as soon as the new statute took effect to make one change under said statute, notwithstanding a change may have been made under the old statute within three years next prior to the taking effect of the new statute.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Appeal by C. A. Hatfield et al. to district court from action of Board of Commissioners of Cherokee County changing commissioner districts. Appeal sustained in district court, and the commissioners bring error. Affirmed in part and reversed in part.

Bruce L. Keenan, for plaintiff in error.

W. W. Miller, Co. Atty., for defendants in error.

HARRISON, J. This appeal is from the judgment of the district court sustaining an appeal from an order of the board of county commissioners of Cherokee county. Said board, assuming to act under authority of chapter 65, S. L. 1925, passed a resolution and order changing the boundaries of the commissioners' districts of said county, and the county attorney upon petition of C. A. Hatfield et al. appealed from said order to the district court. The board challenged the right of appeal; contending that the order redistricting the county was purely ministerial and therefore not appealable. The defendants in error contended that such order was of the nature of a judicial order and therefore appealable. Defendants in error contended, also, that said chapter 65 was intended only to clarify the meaning of section 5776, C. S. 1921, and was retro-

active in effect, and therefore gave county commissioners no authority to change the commissioners' districts of said county.

The respective contentions of the parties may be more clearly stated as follows:

The board of county commissioners contended that said act of 1925 was purely amendatory and prospective, therefore giving them authority to redistrict their county, and further contended that the order redistricting the county was purely ministerial and therefore not appealable. On the other hand, Hatfield et al. contended that said act was intended only to clarify or construe section 5776, C. S. 1921, to mean that the county commissioners could not change their districts oftener than once every three years, and that the districts having been changed more than once within the preceding period of three years, and the order changing the districts being a quasi judicial act, and being in violation of said section 5776, as clarified by said chapter 65, was appealable and should be set aside by the district court on the ground of its illegality.

The district court held, in effect, that the order of the board of commissioners was an appealable one, but that such order was made in violation of said section 5776 as clarified by said chapter 65, and was illegal.

It is stipulated by attorneys for the respective parties that there are but two prime issues in this proceeding, viz.: (1) Whether the order of the board of county commissioners was quasi judicial and appealable or purely ministerial and not appealable. (2) Whether said chapter 65, S. L. 1925, was intended only to clarify the meaning of said section 5776, and therefore retroactive, or whether said chapter 65 was merely amendatory and prospective.

A review of the history of this statute may throw some light upon the issues involved. The pertinent portion of said section 5776, C. S. 1921, is as follows:

"Each county shall be divided by the board of county commissioners into three compact districts, as equal in population as possible, numbered respectively one, two and three, and subject to alteration at least once in three years, and one commissioner shall be elected from each of said districts by the voters of the district, as heretofore provided."

The above section of statute was section 2 of the act passed by the territorial Legislature, which took effect December 25, 1890, and was section 1798 of the territorial Statutes 1890, and has been in force without

change in language or meaning in the territory and the state since December 25, 1890, except that in the Revised Statutes 1910, section 1583, codifiers left out the words "elected under this act," which had been in the statutes since the adoption of the Statutes of 1890.

But in said chapter 65, S. L. 1925, the language in the old statute, to wit, "and subject to alteration at least once in three years," was changed to read, "and subject to alteration not more than once in three years." Out of this change in statutes, the controversy herein arose.

Perhaps the more logical method of disposing of the two issues, which the parties have properly stipulated to be the decisive issues involved, would be to determine, first, whether the order of the board of commissioners was an appealable one.

The courts have held that no appeal lies from a purely ministerial act made obligatory by law, and have attempted to draw a clear line between what is termed "quasi judicial" acts and "ministerial" acts. See In re Courthouse of Okmulgee Co., 58 Okla. 683, 161 Pac. 200; Ter. v. Neville, 10 Okla. 79, 60 Pac. 790; School Dist. 7 v. Cunningham, 51 Okla. 261, 151 Pac. 633; Parker v. Board of Com., 41 Okla. 723, 139 Pac. 981, and authorities cited in above cases. Also Words and Phrases, vol. 4, First Series, 3857; vol. 2, Second Series, 1259 and 1261, and authorities cited. But section 5834, C. S. 1921, expressly confers the right of appeal upon any person aggrieved by any decision of the board of county commissioners, to the district court, in the following language, to wit:

"From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved, including the county by its county attorney. * * *"

This section was amended by chapter 43, S. L. 1923, but the above language conferring the right of appeal from all decisions of the board of commissioners was left intact. It will be observed that the statute says: "From all decisions * * * there shall be allowed an appeal to the district court by any persons aggrieved." In view of this language, we feel that the courts have no power to take away the right of appeal of any person aggrieved by a decision of the board of county commissioners; hence it is useless to search for the exact line between "quasi judicial" acts and "purely ministerial" acts. The statute says "there shall

be allowed an appeal by any person aggrieved." This would necessarily imply that an issue of some kind must be properly before the board and be decided by the board, and whenever such is the case and the board decides such issue, then an aggrieved party has the right of appeal to the district court and the courts cannot deprive him of such right without disregarding an express statute. As a matter of course, in the exercise of duties expressly prescribed by statute, such as keeping their records, recording their orders, keeping the calendar of claims, and correctly keeping all such records as are prescribed by statute to be kept, and no one is aggrieved or complains of the method in which such records are kept or such purely ministerial acts performed, then there is no purpose in an appeal, no one is aggrieved, no one desires to appeal. But in the matter before us the county commissioners not only decided in favor of redistricting the county over the objections of the appealing parties, but in their own judgment they construed a statute and assumed to exercise authority to redistrict the county under the construction which they placed upon chapter 65, S. L. 1925. This decision not only required a construction of a statute which at that time had not been otherwise judicially construed, but their order of redistricting necessarily carried with it the mandate that the county shall be redistricted, and is necessarily judicial in its nature. The defendants in error contest not only the justness of the order, but the legality thereof. In such case it would be purely arbitrary to hold that the right of appeal expressly conferred by statute should be denied.

We therefore affirm the judgment of the trial court in holding the order to be an appealable one.

But, as to the second proposition, viz., whether said chapter 65 is retroactive or prospective, the question must be determined by whether it is amendatory of, or is a mere legislative construction of, a previous act.

If it was intended solely as a legislative construction of a previous existing statute, then it is of no effect whatever. A subsequent Legislature has no authority to construe an existing statute enacted by a previous Legislature and make such construction binding upon the judiciary. It has full authority to repeal or amend any existing statute or enact any new statute, acting at all times within constitutional limitations, but the only way in which it may clarify a statute is by writing its meaning in clear language.

Going to the title of the act in question, we find it to be:

"An act amending section 5776, Comp. Stat. of Okla. 1921, relating to county commissioners' districts, clarifying the law and declaring an emergency."

And it does amend said section 5776 by leaving out the words, "and subject to alteration at least once in three years," and substituting the words, "and subject to alteration not more than once in three years." By this change the statute was given a meaning which it did not theretofore have. Under said section 5776, the words, "and subject to alteration at least once in three years," do not prohibit more than one change, but imply that the board might, if it saw fit to do so, and there were no objections to its doing so, change the districts oftener than once within three years, but it also implies that the districts must be altered at least once in three years. The 1925 Act expressly forbids more than one alteration within three years, thereby making a material change in the language and meaning of the statute which had theretofore been in force, and being entitled "An Act amending section 5776," we must hold it to be an amendatory act.

The question as to whether section 5 of chapter 30, S. L. 1916, was amendatory of section 2, art. 3, chapter 173, S. L. 1915, or was a mere legislative construction of the previous act, was passed upon by this court in C., R. I. & P. Ry. Co. v. Willis, Co. Treas., 75 Okla. 13, 181 Pac. 307, in which it not only held that the later act was amendatory, but specifically held that the Legislature, under section 1, art. 4, of our Constitution, is without authority to place a legislative construction upon existing statutes and make such construction binding upon the judiciary.

We therefore conclude that said chapter 65, S. L. 1925, is amendatory only. Furthermore, inasmuch as said chapter 65 contains an emergency clause containing the following language, to wit:

"This act shall take effect and be in full force from and after its passage and approval"

—it is necessarily prospective in its effects. It could have no effect, confer no authority, until after its passage and approval. It looks toward the future, from and after time of its passage and approval.

Hence, inasmuch as the board of commis-

sioners had the implied authority to order their districts changed more than once in three years under the old statute, and are positively forbidden to change them more than once under the new statute, yet having clear authority to make one change within three years, we must conclude that not being forbidden to do so under the old statute, they had authority under the new statute to alter their districts after the passage and approval of the new act.

It follows, therefore, that the order of the board of commissioners changing the commissioners' districts was not done in violation of said section 5776, C. S. 1921, but was done under said chapter 65, S. L. 1925, and that the district court erred in holding such order to be in violation of said section 5776.

For the reasons herein given, the judgment of the district court in holding the order to be an appealable one is sustained, but reversed as to such order being illegal, and the cause remanded for such further proceedings, not inconsistent with the views herein expressed, as may be deemed necessary.

All the Justices concur, except PHELPS, J., and CLARK, J., not present.

Note.—See under (1) 15 C. J. p. 473 §125. (2) 12 C. J. p. 811 §247. (3) 15 C. J. p. 415 §42.