APPEAL OF TRIPPET.
BOARD OF COM'RS OF WASH-
INGTON COUNTY et al.
v. TRIPPET.

No. 29328.   April 30, 1940.

*101 P. 2d 1058.*

Robert H. Neptune, County Atty., of Bartlesville, and Royce H. Savage and James I. Phelps, both of Oklahoma City, for plaintiffs in error.

Rowland & Talbott, of Bartlesville, and John Barry, of Oklahoma City, for defendant in error.

OSBORN, J.   This is an appeal from a judgment of the district court of Washington county by the board of county commissioners of Washington county and Bert Hodges, hereinafter referred to as defendants, from a judgment in favor of H. W. Trippet, hereinafter referred to as plaintiff. The board of county commissioners had entered into a contract employing defendant, Bert Hodges, as tax ferret for Washington county, and plaintiff, a taxpayer of said county, appealed to the district court. After a hearing it was held that the contract was void and the court ordered the same canceled. It is from that judgment that this appeal is prosecuted.

The board of county commissioners of Washington county consisted of Andrew F. Brown, Gus Watts, and R. Y. Evans. On April 3, 1939, the board passed a resolution employing B. H. Hodges as tax ferret for said county and authorizing the chairman of the board to enter into a contract of employment with him. On the same date the contract was executed. On April 12, 1939, Mr. Robert H. Neptune, county attorney of Washington county, was requested in writing by more than 15 freeholders of said county to take an appeal to the district court from the action of the board of county commissioners in employing Hodges as tax ferret. The county attorney refused to take an appeal, and on April 20, 1939, plaintiff, Trippet, a resident taxpayer of the county, served notice that he elected to appeal from the action of the board.

Defendants seek reversal of the judgment of the trial court on the following grounds: (1) The trial court erred in overruling a motion to dismiss the appeal. In this connection it is urged that the district court was without jurisdiction to entertain the appeal from the action of the commissioners in employing a tax ferret. (2) That the court erred in adjudging the tax ferret contract to be void. Defendants' first contention raises the question of whether the action of the board of county commissioners in entering into the contract in question is such that an appeal therefrom may be lodged in the district court, by a resident taxpayer, under the provisions of section 7679, O. S. 1931, 19 Okla. St. Ann. § 431, which is as follows:

"From all decisions of the board of commissioners, upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved, including the county by its county attorney, upon filing a bond with sufficient penalty, and one or more sureties to be approved by the county clerk, conditioned that the appellant will

prosecute his or her appeal without delay, and pay all costs that he or she may be adjudged to pay in the said district court; said bond shall be executed to the county, and may be sued in the name of the county upon breach of any condition therein; Provided, that the county attorney, upon the written demand of at least fifteen (15) freeholders of the county, shall take an appeal from any action of the board of county commissioners when said action relates to the interest or affairs of the county at large or any portion thereof, in the name of the county, when he deems it to the interest of the county so to do; and in case no bond shall be required or given and upon serving the notice provided for in the next section the county clerk shall proceed the same as if a bond had been filed; Provided, further, that if the county attorney shall fail or refuse to appeal after the written demand of the said fifteen (15) freeholders, then any resident taxpayer of the county may be considered a person aggrieved and may appeal upon filing a bond with sufficient penalty, as provided in the foregoing portion of this paragraph."

The statute above quoted would seem to indicate that an appeal is allowed from all decisions of the board of county commissioners. This court has upon numerous occasions held, however, that no appeal lies from a purely "ministerial" act, and that in order for an appeal to lie from an action of the board of county commissioners the act must be "judicial or quasi-judicial" in character. Board of Commissioners of Cherokee County v. Hatfield, 121 Okla. 28, 247 P. 77, and cases therein cited.

In the instant case it is admitted that the board of county commissioners had authority to employ a tax ferret under the provisions of section 12346, O. S. 1931, 68 Okla. St. Ann. § 481, which provides:

"The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed, as required by existing laws, and fix the compensation at not to exceed fifteen per cent. of the taxes recovered under this article. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court for the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

It is not contended that there was an abuse of discretion on the part of the board in determining the necessity for making a contract with a person to serve as tax ferret, but the objection is with regard to the alleged irregularity of the appointment.

Plaintiff contends that such an appointment is judicial or quasi-judicial in character, and therefore reviewable on appeal by the district court, but cites no express authority on the point.

The Territorial Court, construing this statute, held that an act of a board of county commissioners calling a special election, pursuant to a petition, to determine the question of changing the location of the county seat, was a ministerial act from which no appeal would lie. Territory ex rel. Ridings, County Atty., v. Neville, 10 Okla. 79, 60 P. 790. The same rule was applied to an act locating a highway bridge. Parker et al. v. Board of Com'rs of Tillman County, 41 Okla. 723, 139 P. 981. In Codington County v. Board of Com'rs of Codington County, 51 S. D. 131, 212 N. W. 626, the South Dakota court held that the selection of a firm of architects to plan and supervise the construction of a courthouse was not subject to appeal because it was an administrative act.

In the instant case, as before stated, no complaint is made that the board of county commissioners abused its discretion in determining the necessity for a tax ferret. The complaint is the al-

leged irregularity of executing the contract with Hodges. It is admitted the board had the authority to employ a tax ferret under the statutes in force at the time of the alleged irregular execution of the contract.

In view of these facts, we are of the opinion that the act of the board of county commissioners was not judicial or quasi-judicial in character. There was no controversy before the board with regard to the contract for services of a tax ferret, and no decision rendered from which an aggrieved party might appeal. The act of the board in executing the contract was purely ministerial under the circumstances heretofore set out, and no appeal will lie from such an act.

If the employment of the tax ferret was irregular, and his contract with the county void by reason thereof, the plaintiffs have an adequate remedy, but it is not by appeal.

Having taken this view of the matter, it is unnecessary to decide the remaining assignment of error.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the appeal.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.