GROENEWOLD et al. v. BOARD OF COM'RS OF KINGFISHER COUNTY.

No. 31722. May 22, 1945.

Rehearing Denied June 12, 1945.

*159 P. 2d 258.*

C. Everett Murphy, of Tulsa, for plaintiffs in error.

Roy H. Mead, County Atty., of Kingfisher, for defendant in error.

HURST, V.C.J. The decisive question is whether the decision of the board of county commissioners to abandon a bridge on a public highway and remove the material for use in other bridges in the county is appealable, under 19 O.S. 1941 § 431.

The resolution of the board of county commissioners of Kingfisher county, passed on April 19, 1943, is as follows:

"Whereas, the Loyal-Lacey Cimarron river bridge in Kingfisher County, Oklahoma, was damaged by high water on April 19th or 20th, 1942, and eight spans of said bridge were washed out by said high water, and,

"Whereas, the repair of said bridge at the present time is impossible due to the inability to obtain materials due to the war conditions existing at the time of said damage and subsequent thereto, and,

"Whereas, that part of the said bridge now remaining consists of valuable lumber, not now obtainable, which is likely to be lost by further high water, and which could be used and is badly needed in the repair of other smaller bridges in Kingfisher County in need of repair.

"Be it therefore resolved by the Board of County Commissioners of Kingfisher County, sitting in regular adjourned session that that part of the Loyal-Lacey Cimarron river bridge remaining at this time be removed and the said materials be salvaged and used in the repair of other bridges in Kingfisher County, Oklahoma."

On April 30, 1943, 31 residents of Kingfisher county filed a petition with the board of county commissioners asking that they be given a hearing on the question of the removal of said bridge. It appears that on the date the petition was filed, the board heard the petitioners but declined to vacate the resolution. On May 1, 1943, two persons, H. D. Groenewold and Victor Fiegel, resident freeholders of Kingfisher county, filed a notice of appeal from the resolution of April 19th, and filed an appeal bond in the sum of $1,000.

At the trial in the district court evidence was introduced on behalf of both the appellants and the board. The court denied the appeal for three reasons, stated in the journal entry of judgment, as follows:

"First, the court does not have jurisdiction of said matter. Second, this cause is not an appealable matter. Third, said cause has not been properly appealed."

The appellants argue, (1) that the decision appealed from is judicial in nature and is appealable, and (2) that they are aggrieved persons and as such may appeal. The board argues (1) that the decision is administrative and discretionary in nature and hence is not appealable, and (2) that the question is one relating to the interests or affairs of the county at large or a portion thereof, and could be appealed only by the county attorney or by a resident taxpayer of the county on refusal of the county attorney to appeal after being requested so to do by as many as 15 freeholders of the county.

We find it necessary to pass only upon the question of whether the decision is appealable.

19 O.S. 1941 § 339 (3) gives the board of county commissioners power "to construct and repair bridges and to open,

lay out and vacate highways." 69 O.S. 1941 § 291, which was enacted before the abolition of township government, gives the board of county commissioners jurisdiction over bridges and culverts more than 20 feet in length, and gives the board power to build bridges "at such places as may be necessary for the public convenience." 69 O.S. 1941 § 44 (c) makes it the duty of the board of county commissioners of each county to "designate, construct and maintain as county highways, those roads which best serve the most people of said county," and it contains this proviso:

"Provided, further, that the county commissioners, of the various counties, shall have exclusive jurisdiction over the designation, construction and maintenance and repair of all said county highways and bridges thereon. That the decision of the county commissioners in all matters pertaining to the county highways shall be final and that the empowering clause in this act gives to the county commissioners the same final jurisdiction to designate, construct, hard surface, maintain or repair county highways and bridges thereof, as is given the State Highway Commission on state highways."

19 O.S. 1941 § 431 provides:

"From all decisions of the board of commissioners, upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved, including the county by its county attorney."

We have consistently construed this section to authorize appeals only from decisions of a judicial nature and that decisions of an administrative, legislative or political nature are not appealable on the theory that, under the Constitution, the courts cannot exercise purely administrative or legislative powers. Board of Com'rs v. Trippet, 187 Okla. 242, 101 P. 2d 1058. It is not always easy to determine whether a certain act of the board of county commissioners is judicial or administrative in its nature.

Prior to the enactment of 69 O.S. 1941 § 44, above, it was held that the selection of an exact site for a bridge was judicial in its nature and appealable. Board of Commissioners of Sequoyah County v. McGowan, 104 Okla. 283, 231 P. 258. Since the enactment of said section, we have held that the decision not to install certain culverts is administrative in its nature, and the discretion of the board of county commissioners will not be controlled by injunction. Board of Com'rs of Grant County v. Comstock, 161 Okla. 43, 17 P. 2d. 501. We have held that, under 69 O.S. 1941 § 291, above, the decision of the board of county commissioners overruling a protest locating and taking steps to erect a bridge was administrative and not judicial, and therefore not appealable. Parker v. Board of Com'rs, 41 Okla. 723, 139 P. 981.

It is generally held that a bridge connecting public highways, erected for use by the public, constitutes a part of the public highway. 8 Am. Jur. 912; Elliott, Roads & Streets (3d Ed.) p. 38, § 32.

We are of the opinion, and hold, that, under the statutes and decisions above cited, the decision appealed from involves an administrative matter resting largely in the discretion of the board of county commissioners, and is not appealable, and the district court correctly so held.

See, in this connection, 14 Am. Jur. 205, 206, § 33; 8 Am. Jur. 930, § 28; Elliott, Roads & Bridges (3d Ed.) §§ 50, 57, 1182; Ponischil v. Hoquiam Sash & Door Co., 41 Wash. 303, 83 P. 316; State ex rel. Clark v. City of Seattle, 137 Wash. 455, 242 P. 966, 46 A.L.R. 253.

Affirmed.

GIBSON, C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.