## CHANDLER MATERIALS CO. v. BOARD OF COUNTY COM'RS OF TULSA COUNTY.

No. 35052.     March 10, 1953.

*254 P. 2d 767.*

Elton B. Hunt, W. L. Eagleton, and A. C. Saunders, Tulsa, for plaintiff in error.

Lewis J. Bicking, Co. Atty., and Hugh Webster, Asst. Co. Atty., Tulsa, for defendant in error.

O'NEAL, J.    Freeholders residing in Tulsa county, Oklahoma, petitioned the board of county commissioners of said county to establish, open and lay out a public road 100 feet in width, located in sections 7, 8 and 18, township 19 north, range 12 east, Tulsa county, Oklahoma. The proposed highway was delineated by metes and bounds as shown by plans prepared by the county engineer of said county and approved by the board of county commissioners. Two of the petitioning freeholders entered into an undertaking to pay the cost of the proceeding pending before the board if said petition was disallowed.

The petition of the freeholders to establish, open and lay out the public road, in conformity with their application, was filed with the board on August 7, 1950. The board thereupon adopted a resolution assigning said petition for hearing on August 30, 1950,

and notice of the hearing was given by publication and personal service was made upon the Chandler Materials Company. At the hearing before the commission on August 30, 1950, statements were made by freeholders in favor of and against the establishing of the highway. On the same day the board adopted a resolution reciting that the petition was sponsored by 12 or more freeholders residing in the vicinity of the proposed road, and that a public necessity exists for the designation, opening, laying out and construction of a public road and highway along and over said proposed route; said highway or road to be 100 feet wide across the land described in the freeholders' petition.

The Chandler Materials Company filed its notice of appeal with the board of county commissioners, and the board prepared a transcript of its proceedings which was filed in the district court of Tulsa county, Oklahoma. The notice of appeal sets forth nineteen grounds why the road should not be established. It also filed an appeal bond conditioned that it would prosecute its appeal without delay and pay all costs assessed against it.

On the 18th day of December, 1950, the appeal of the Chandler Materials Company from the board of county commissioners came on for hearing in the trial court. Thereupon, the county attorney representing the board read into the record a motion to dismiss the appeal, which motion is in words and figures as follows, to wit:

"Comes now the appellee, Board of County Commissioners of Tulsa County, Oklahoma, and moves the court for judgment in favor of the said appellee, on the ground that title 69, section 44, Oklahoma Statutes 1941, and other pertinent statutory provisions, provides that the Board of County Commissioners has exclusive jurisdiction over the matter of designation of roads; that their jurisdiction in the matter of designation of roads is of the same standing as that of the Department of Highways and the State Commission of Highways, over state roads, and that the decisions of the Board of County Commissioners with respect to designation of roads is final, and that for that reason the order of the Board of County Commissioners and the resolution of the Board of County Commissioners is final and is not subject to review by the court; for the further reason that this is not an appealable matter, as contemplated by the statutes, and that the court is without jurisdiction to review the order and judgment and resolution of the Board of County Commissioners; and for the further reason that the record and transcript is filed in the office of the Court Clerk in this matter and cause shows upon its face that the appellee, Board of County Commissioners, is entitled to judgment in its behalf."

The trial court sustained said motion and entered its judgment in favor of the board of county commissioners upon the ground recited in said motion. The journal entry of judgment, entered in the cause, recites that the attempted appeal be denied on the ground that the board of county commissioner's decision is not appealable. The Chandler Materials Company brings the case here for review.

This case calls for an answer to the question of whether the decision of the board of county commissioners of Tulsa county, Oklahoma, in locating the county road, involves the exercise of an administrative function or a judicial or quasi judicial function; and whether, under the statutory law, the order of the commission is an appealable order vesting the district court with power and authority to hear and determine the matter de novo. The Act upon which the Chandler Materials Company posited its contention for a hearing in the trial court is 69 O.S. 1941 §363. The board of county commissioners contend that under 69 O.S. 1941 §44, its decision upon the necessity for the construction of a county highway is exclusive and final a fortiori that sec. 363, supra, has no application; therefore, the judgment of the trial court should be affirmed.

. . The board stated in its brief and in oral argument that its action was taken pursuant to 69 O.S. 1941 §44, subsection (c). That section, insofar as here applicable, provides that:

. " * * * It shall be the duty of the County Commissioners in each County to designate, construct and maintain as County Highways, those roads which best serve the most people of said county, * * * Provided, further, that the County Commissioners of the various counties, shall have exclusive jurisdiction over the designation, construction and maintenance and repair of all said County Highways and bridges thereon. That the decision of the County Commissioners in all matters pertaining to the County Highways shall be final. * * *"

As we have seen, the board's motion to dismiss the appeal specifically invoked the application of 69 O.S. 1941 §44. The motion, however, also invokes application of "other pertinent statutory provisions." The record here discloses that these proceedings were not originated by the board of county commissioners, but were presented upon an application of freeholders under the applicable provisions of 69 O.S. 1941 §363.

Section 363, supra, empowers the board to locate a public road upon the petition of at least twelve freeholders residing in the vicinity of the road affected. This section further provides that if the board concludes that the public road applied for is unnecessary and impractical, then no further proceeding shall be had, and that thereupon the freeholders signing the bond required under said section shall be liable for any costs accrued.

The final provision of said section 363, supra, reads:

"* * * Any person aggrieved by the foregoing proceedings shall have the right of appeal to the district court for final review and adjudication."

The trial court based its judgment upon the ground that the locating of the road here involved was an administrative matter and not of a judicial or quasi judicial nature. The board contends that Groenewold v. Board of Com'rs of Kingfisher County, 195 Okla. 526, 159 P. 2d 258, is decisive of the question here presented. We held in that case as follows:

"A decision of the board of county commissioners by resolution to remove a bridge across a river which has been previously used as a part of a public highway, but which has been partly washed out and not repaired, and could not be presently repaired because of inability to secure material, and to use the material in the repair of other county bridges, is administrative in nature and is not appealable under 19 O.S. 1941 §431 which, as construed, authorizes appeals only from decisions involving matters of a judicial nature."

Title 19 O.S. 1941 §431, there considered, may be found under the title of "Counties and County Officers" (county commissioners) under which section the right of appeal is granted to any taxpayer who may be aggrieved by a decision of the board of commissioners. The sole question in the Groenewold case was whether the decision of the board was appealable. The resolution of the board discloses that the high water had washed out eight spans of the bridge; that due to war conditions, materials for repair could not be obtained; that the remaining spans of the bridge might be lost by further high water; that the portion of the bridge remaining should be removed and the salvaged material used in the repair of another bridge in that county. Upon these findings of the board we held the decision appealed from involved an administrative matter resting solely in the discretion of the board of county commissioners, and was, therefore, not appealable, and the district court correctly so held. In our opinion we said:

"We have consistently construed this section to authorize appeals only from decisions of a judicial nature and that decisions of an administrative, legislative or political nature are not appealable on the theory that, under the Con-

stitution, the courts cannot exercise purely administrative or legislative powers. Board of Com'rs v. Trippet, 187 Okla. 242, 101 P. 2d 1058. It is not always easy to determine whether a certain act of the board of county commissioners ·is judicial or administrative in its nature."

The Chandler Materials Company contends that our opinion in Stuart v. King, 203 Okla. 23, 217 P. 2d 540, is decisive of the question here presented. In this case we held:

"Persons possessing qualifications sufficient to authorize them to petition the board of county commissioners for action, under authority of Tit. 69 O.S. 1941 §363, are authorized by law to protest against such action by the board when same is petitioned by others.

"A decision of the board of county commissioners made in altering a highway whereby a segment thereof is vacated and another route established as a highway in lieu thereof, under authority of Tit. 69 O.S. 1941 §363, is a decision from which appeal lies. And a party to the proceeding either as petitioner or protestant is entitled to appeal from an adverse decision."

The proceeding in that case was originated by freeholders acting under 69 O.S. 1941 §363, by filing an application with the board of county commissioners asking that a portion of a public highway be vacated and another routing of a highway be substituted. Other freeholders filed protests to the relief prayed for. The board sustained the petition as prayed for and the protesting freeholders appealed from the board's order to the district court. The petitioning freeholders in the district court contended that the decision of the board vacating the road was not an appealable order and was therefore final. In support of that contention they relied upon the authority of Groenewold v. Board of Com'rs of Kingfisher County, supra. We pointed out in the opinion that the facts of the two cases are not comparable; that in the Groenewold case the decision of the board to salvage the lumber in a destroyed bridge and to use it in repairing another bridge did not involve the exercise of judgment or discretion, and that therefore the board's order was not appealable, but in the Stuart v. King case, supra, the board's order vacated a segment of a road and rerouting the road would involve the exercise of judgment and discretion and was therefore appealable.

In Re Courthouse of Okmulgee County, 58 Okla. 683, 161 P. 200, and other former decisions of the court, we have consistently held that an appeal lies from an order of the board of county commissioners to the district court whenever their orders or decisions are of a judicial or quasi judicial nature.

The judgment of the trial court dismissing the Chandler Materials Company's appeal is hereby vacated and the cause remanded to the district court with directions to reinstate the appeal and proceed with the trial de novo.

Reversed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.