E. W. GRAY, as County Treasurer of Mc-
Intosh County, Oklahoma, Plaintiff
in Error,

v.

BOARD OF COUNTY COMMISSIONERS
OF McINTOSH COUNTY, Oklahoma,
Defendant in Error.

Appeal of E. W. GRAY, County Treasurer,
from Decision of the Board of County
Commissioners of McIntosh County, Okla-
homa, in the Matter of Budget Request
and Estimate of Needs for the Office of
County Treasurer for the Fiscal Year
1956–1957.

No. 37556.

Supreme Court of Oklahoma.

June 25, 1957.

R. O. Green, Joe M. Whitaker, Eufaula,
for plaintiff in error.

Austin O. Webb, E. C. Hopper, Eufaula,
for defendant in error.

JOHNSON, Justice.

The facts upon which this cause is based
are substantially as follows, to wit:

The county commissioners of McIntosh
County reduced the budget submitted by
the county treasurer below the needs of his
office, both as to the items for personal
services and maintenance and operation of
his office. The treasurer appealed to the
District Court. The court after overruling
the demurrer to plaintiff's petition and
motion to dismiss the action proceeded to
trial. When the trial was concluded, de-
fendants renewed their motion to dismiss
and interposed a demurrer to plaintiff's

evidence. The court sustained the motion to dismiss and dismissed the action on the ground that the action and decision of the defendant (Board of County Commissioners) in the matter of the budget request of the county treasurer constituted an administrative-ministerial function of the board, as distinguished from a quasi-judicial function requiring the exercise of discretion, from which there was no appeal.

Plaintiff contends that the action of the board was of a judicial nature, and that he had the right of appeal to the district court for a trial de novo, when the discretionary powers of the board were abused; and that it was the function of the district court on appeal from the board of county commissioners to determine and render such judgment as the board should have rendered.

It is agreed that if the action of the board was of a quasi-judicial nature, or within the discretionary powers of such board, and such discretionary power was abused, the treasurer would be entitled to appeal the board's decision to the district court for a trial de novo; and, conversely, if the action of the board was only administrative and ministerial, there was no right of appeal.

 The action of the county commissioners in passing upon the treasurer's request for whole and part-time help to operate the office of county treasurer was predicated upon 19 O.S.1951 § 179.7 as amended by 1953 S.L. and provided in substance that the county treasurer, among other county officers, shall have such number of deputies or other help, whether on whole or part-time basis, at such rates of salary or pay (not in excess of the stat-

utory provisions) as the principal officer may propose and establish the need for and the county commissioners will approve, for the adequate accomplishment of the functions of the office and the performance of duties imposed thereon by law. This approval clearly requires the judgment and discretion of the board of county commissioners, and constitutes a quasi-judicial function. A quasi-judicial duty is one lying in the judgment or discretion of an officer other than a judicial officer. For an application of this rule to similar situations see In re Courthouse of Okmulgee County, 58 Okl. 683, 161 P. 200 and cited cases. This rule has been cited, approved and followed in Chandler Materials Co. v. Board of County Commissioners of Tulsa County, 208 Okl. 189, 254 P.2d 767, and other cases of similar import.

It follows that the court was in error in holding that the action of the board constituted an administrative-ministerial function only, from which no appeal would lie. Therefore, the judgment of the court is vacated, reversed and remanded with directions to re-instate the cause, overrule the demurrer to the evidence and motion to dismiss and try the cause on its merits.

We do not pass upon the request for items for maintenance and operation of the county treasurer's office; but we do, however, suggest that since the court has jurisdiction as above indicated, that on appeal all matters before the board should be heard de novo.

HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., CORN, V. C. J., and DAVISON, J., dissent.