[No. 2924. Decided June 30, 1898.]

GEORGE H. HULL, *Appellant*, v. JOSEPH STEPHENSON *et al.*, *Respondents.*

HIGHWAYS — ALTERATION AND ESTABLISHMENT — ORDER OF COUNTY COMMISSIONERS — APPEAL — PARTIES.

A final order of the board of county commissioners vacating a road and establishing another, in lieu thereof, is appealable.

Under Laws 1895, p. 82, § 2, giving a landowner residing in the vicinity the right to petition for the establishment of a county road, although he does not own lands abutting thereon, the qualification to petition for the road carries with it the right to resist, if so desired, and consequently the right of appeal from an adverse decision.

Appeal from Superior Court, Yakima County.—Hon. JOHN B. DAVIDSON, Judge. Reversed.

*Whitson & Parker,* for appellant.

*Vestal Snyder (E. B. Preble,* of counsel), for respondents.

The opinion of the court was delivered by

Scott, C. J.—One John Stone and others, by a petition in writing, made application to the board of county commissioners of Yakima county for the alteration of a county road by vacating the same and the establishment of another in lieu thereof, under the act (Laws 1895 p. 82; Bal. Code, § 3771 *et seq.*).

The appellant, being the owner of certain lands situate in said road district, and a resident and taxpayer therein, with other residents and taxpayers residing in the vicinity of said road, filed with the board a remonstrance in writing, protesting against the vacation and discontinuance of the established road and the establishment of another in lieu of it, as petitioned for. Thereafter a hearing was had before the board of commissioners, and after reciting certain matters set forth in the petition and that they had examined the report of the viewers and the petition and remonstrances, and heard all the testimony for and against the proposed alteration, and were fully advised in the premises, the board made an order vacating the road proposed to be vacated and establishing the other as prayed for in the petition. Whereupon an appeal was taken to the superior court of said county. The respondents moved to dismiss it on two grounds: First, that the order was not an appealable one; and, second, that it did not appear that appellant had legal capacity to take such appeal. The superior court granted the motion to dismiss, and an appeal was taken to this court.

In support of the proposition that the order was not an appealable one, respondents cite *Lawry v. County Com-*

*missioners,* 12 Wash. 446 (41 Pac. 190), and *Olympia Water Works v. Thurston County,* 14 Wash. 268 (44 Pac. 267). But we are of the opinion that neither of these cases applies. In the first case it was said, in substance, that it was manifest that it was only intended to give the right of appeal to parties to ordinary proceedings before the board, or to persons directly interested therein, or who had properly presented a matter before the board for their determination, etc., and it was held in that case that the order was not an appealable one, under General Statutes, § 298 (1 Hill's Code), as the duties resting upon the board of commissioners with reference to county seats were separate and distinct from their ordinary duties; and this was substantially the holding in the second case cited, being that said statute did not apply to matters coming before the board when sitting as a board of equalization, such as determining the value of property listed for taxation. But ·the matter of laying out and discontinuing county roads is made a part of the general duties of the board, and may be brought on for action at any session. See § 281, subd. 2, 1 Hill's Code (Bal. Code, § 342). This appeal was taken from a final order, in relation to which the board had heard evidence as to the several matters upon which they must pass; one of which was whether the alteration of the road and the establishment of another, as petitioned for, would be of public utility. We think an appeal would lie from the order, under said statute.

It is contended that the appellant had no right to take the appeal to the superior court, because it did not appear that he was interested in land abutting on the road to be vacated, or on the road to be established, and for that reason that he could not be an interested party. We do not think this would hold good; for a party might be directly interested in such a matter, although he did not

own any lands directly abutting upon the road to be vacated, or the one to be established in lieu thereof. This might affect the degree of his interest, but he might have a direct, valuable and substantial interest without such ownership, entirely different from that of a person residing in a remote part of the county. This appellant made himself a party to the proceeding by appearing before the board and remonstrating. He would have been a competent petitioner for the road, under § 2 of the act (Bal. Code, § 3772), as he resided in the vicinity. The right to petition is not limited to persons owning land abutting upon the road to be vacated or established. Being competent to petition for the establishment of the road, he certainly would have a right to resist it, and consequently could appeal, under said section, from a final adverse decision.

In consequence of the foregoing, it is not necessary to consider whether § 1978, 1 Hill's Code, is in force. Reversed and remanded for trial.

REAVIS, DUNBAR, GORDON and ANDERS, JJ., concur.