## Houpt et al. *v.* Dutton et al.

[No. 21,003. Filed February 5, 1908.]

1. PARTIES.—*Names.—Appeal.—Highways.*—The middle name, or an initial letter between the Christian name and surname of a party in a highway proceeding ordinarily constitutes no part of the name, and a mistake therein is usually considered as a mere clerical error. p. 71.

2. APPEAL.—*Briefs.*—Where appellants' brief sets out enough of the pleadings to inform the Supreme Court of the character of the alleged erroneous rulings of the trial court, the brief is sufficient. p. 71.

3. HIGHWAYS.—*Parties.—Omissions.—Motion to Dismiss.*—Where a highway petition purports to name all of the landowners through whose lands such proposed highway passes, the overruling of an unverified motion to dismiss such petition, alleging that such road passes over lands of persons not named in such petition, will not be disturbed on appeal. p. 71.

4. SAME.—*Parties Affected.—Remonstrance for Damages.*—The owners of land whose southeast corner is touched by a public highway running south and west therefrom, is entitled to remonstrate for damages for the vacation of the west end of such highway. p. 73.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Highway vacation proceeding by George R. Dutton and others, against which Malinda Houpt and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Reversed.*

*G. W. Buff* and *W. P. Stratton,* for appellants.
*Charles D. Hunt,* for appellees.

MONTGOMERY, J.—Appellees petitioned the Board of Commissioners of the County of Sullivan for the vacation of a part of a public highway. Viewers were appointed and reported favorably. Appellants remonstrated upon the ground that the proposed vacation would not be of public utility, and reviewers were appointed, who reported in favor of the petitioners. Appellants, thereupon, filed a remonstrance for damages occasioned by the vacation, and appellees moved to reject the same, for the reason that the part of the road to be vacated did not pass through appellants' lands, which motion was overruled and reviewers appointed to assess damages. These reviewers awarded appellants damages, and the board entered an order vacating the highway upon payment of such damages.

Appellants appealed to the circuit court, and moved to dismiss the petition because of failure to name appellants as landowners affected by the proposed vacation. This motion was overruled, and appellees refiled and submitted their motion to strike out appellants' remonstrance, claiming damages, which motion the court sustained, and entered judgment approving the reports of the viewers and reviewers upon the question of public utility, and vacating the highway as described in the petition.

The errors assigned call in question the action of the court in overruling appellants' motion to dismiss the petition, and in sustaining appellees' motion to strike out the remonstrance for damages.

The name of one of the petitioners appears in the record below as James "W." Wilkey, and in the assignment of

errors the name James "S." Wilkey is written as an appellee in the place where James "W." Wilkey ought to appear. Appellees' learned counsel insists that there is a manifest defect of parties in that James W. Wilkey is not made an appellee or brought before this court, and that the appeal should for this reason be dismissed. In legal contemplation a middle name or initial thereof, written between the Christian name and the surname, constitutes no part of one's name; and the omission of a middle initial, or the insertion of an incorrect one, will not, as a general rule, create a misnomer. 14 Ency. Pl. and Pr., 275, 276, and cases there cited. But one James Wilkey was concerned in this proceeding, and we must presume that James "W." and James "S." are one and the same person, and that the discrepancy was due to a mere clerical error.

Appellees' counsel further insists that the pleadings and papers in this case are not set out with sufficient fullness to meet the requirements of the rules of this court. Appellants' brief is not to be commended in this respect, but it does state as much of the pleadings as is necessary to advise us of their character, and to indicate clearly the basis and ground of the court's action with respect to the rulings of which appellants complain. This is sufficient. *State* v. *Roberts* (1906), 166 Ind. 585, 589; *Schreiber* v. *Worm* (1904), 164 Ind. 7, 9.

The petition purported to give the names of the owners, occupants and agents of all lands through which the highway to be vacated would pass, and if the names of one or more of such owners were omitted, but that fact was not apparent upon the face of the record, no error would be manifest to us in the overruling of a mere formal motion to dismiss the petition for such omission. The object in inserting in the petition for and notice of a proposed opening or vacation of a highway the names of the owners and occupants of the lands through which it passes is to apprise them of a proceeding which may affect their property

rights. If the name of any such owner or occupant be wholly omitted, and he is otherwise without notice or knowledge, the proceeding, although apparently valid, may be void as to him. The court will not take judicial knowledge that a proposed highway will pass over lands of others than those named in the petition, nor must we assume the truth of a mere recital in a motion which contradicts the averments of such petition. We are unable to say that the court erred in overruling appellants' motion to dismiss the petition.

The road proposed to be vacated runs from the southwest corner of appellants' land west eighty rods to a public road running north and south, and the situation presented can be most readily understood from an examination of the subjoined plat.

GRAVEL ROAD

GEO. R. DUTTON

MALINDA HOUPT
ET AL.

PROPOSED VACATION

CHAS. SCOTT

GRAVEL ROAD

Appellees' contention is that appellants are not within the terms of section five of the act of 1905 concerning highways (Acts 1905, p. 521, §6730 Burns 1905), authorizing a remonstrance for damages to be filed by "any person through whose land such highway or change may pass," inasmuch as that part of the highway to be vacated does not pass through their lands, but such lands merely touch or abut upon one end of said highway.

The fallacy in appellees' contention is in the assumption that the part described and asked to be vacated in itself constitutes a highway, whereas it forms only a portion of a continuous line of road, the center of which begins at the southeast corner of the northeast quarter of the southeast quarter of section thirty-six, in township eight north, range ten west, and runs thence north eighty rods, and thence west eighty rods. A road as thus described and thirty feet in width passes over and through appellants' lands, and occupies a tract fifteen feet square out of the southwest corner thereof. A proceeding to vacate any part of this road clearly affects appellants' rights as owners of the tract of land through which it passes, and to and from which it affords a way of ingress and egress, and gives them a right as such owners to resist the proceeding, and to obtain damages for such injuries as they may sustain by reason of the vacation, if granted. It is plain that the remnant of the road involved, after this proposed vacation, would be a mere *cul de sac;* and as appellants' counsel well say, if appellants can be denied compensation by way of damages for the vacation of the west end of this highway, upon the same principle the south end may be vacated and the road utterly destroyed without affording any redress for grievances inflicted upon appellants. The court erred in striking out appellants' remonstrance for damages.

The judgment is reversed, with directions to overrule appellees' motion to strike out appellants' remonstrance for damages, and to take further proceedings not inconsistent with this opinion.