*292
 
 Allen, J.
 

 Two legal questions are involved in this ease: First. Does an appeal lie from an order of county commissioners vacating part of a county road? Second. Who is an interested party who may prosecute such an appeal, if the appeal lies?
 

 The provisions of the statute under consideration are to be found in ¡Section 6860
 
 et seq_.,
 
 General Code (106 Ohio Laws 574). These sections, among other provisions, place in the county commissioners the power to locate, establish, alter, widen, straighten, vacate, or change the direction of roads within the county; they also provide that application for the said improvements shall be made by petition, signed by at least twelve freeholders of the county, residing in the vicinity of the proposed improvement.
 

 Section '6862 provides that the word “improvement” used in Sections 6862 to 6878, inclusive, General Code, signifies any location, establishment, alteration, widening, straightening, vacation, or change in the direction of a public road or part thereof.
 

 Sections 6890 and 6891, which are particularly involved herein, read as follows:
 

 Section 6890:
 
 “When Order to Open Road shall be Executed.
 
 — No order of the county commissioners for locating, establishing, altering, straightening, widening or changing the direction of a public road, shall be executed until ten days have elapsed after the county commissioners have made their final order in the matter of compensation and damages, on account of said improvement. If, at the end of ten days, any person, firm or corporation
 
 *293
 
 interested, shall have effected an appeal, then said order shall not be executed until the matters appealed from shall have been disposed of in the probate court.” 106 v. 583, Section 37; R. S. 4687.
 

 Section 6891:
 
 “Matters upon Which Appeal may he Taken.
 
 — Any person, firm or corporation interested therein, may appeal from the final order or judgment of the county commissioners made in the proceeding and entered upon their journal determining either of the following matters:
 

 “1. The compensation for land appropriated.
 

 “2.
 
 The damages claimed to property affected by the improvement.
 

 “3. The order establishing the proposed improvement.
 

 “4. The order dismissing or refusing to grant the prayer of the petition for the proposed improvement.” 106 v. 583, Section 38; E. S. 4'688.
 

 It is in brief the contention of the plaintiffs in error that, as Sections 6890 and 6891 do not include the word “vacation,” an appeal does not lie from an order of the county commissioners granting vacation of a public road.
 

 Plaintiffs in error urge that inasmuch as property is not taken in the vacation of a road there is no reason for appeal in such cases, and that hence the Legislature deliberately omitted that word from ■Sections 6890 and 6891, meaning to take away the right of appeal from an order of vacation.
 

 We are of the opinion, however, that this objection is untenable: First. Because Section 6890 does not cover nor define in what instance the right to appeal exists. Second. Because Section 6891 gives the right of appeal from an order granting
 
 *294
 
 “an improvement,” and the various sections of the statute read together indicate that the word “improvement” includes “vacation” in Section 6891.
 

 ¡Section 6890 provides that no order of the county commissioners for locating, establishing, altering; straightening, widening or changing the direction of a public road shall be executed until ten days have elapsed. The earlier form of the statute (B. S. Section 4687) read, so far as pertinent, as follows:
 

 “No order of the county commissioners for the establishment of a county road, or for the alteration or vacation, in whole or in part, of a state or county road, *
 
 *
 
 * shall be executed * * *.”
 

 Counsel for plaintiffs in error argue that the only possible reason for omitting the word “vacate” in the present form of the section is that the Legislature intended to take away the right to appeal from an order of vacation. However, this argument fails to note the significance of the word “execute” in the above section. An order of the county commissioners for doing any of the acts described in the first sentence of the present Section '6890 must be “executed.” To locate, to establish, to alter, to straighten, to widen, or to change the direction of a public road requires further proceedings and action to consummate the order. This is not the case with the vacation of a road.
 

 In the words of Section 6869, General Code:
 

 “If the proceeding be one for the vacation of a road, the commissioners shall order said road vacated, and the same shall cease to be a public road.”
 

 This law in its present form simply re-enacts
 
 *295
 
 our common experience, which is that if a road is ordered vacated there is no execution necessary to consummate the vacation. Such order carries with it its execution and its consummation. It is plainly for this reason that Section 6890, in its present form, omits to list the order of vacation among the orders which cannot be executed until ten days after the order has been made, and not because the Legislature meant to take away the right of appeal in road vacation proceedings.
 

 Moreover, Section 6890 does not define an appeal in road cases. The first sentence relates only to execution of orders; the second sentence simply adds the provision, that, if an appeal has been taken in any of the cases mentioned, the order shall not be executed until the appeal is disposed of in the probate court; that is to say, Section 6890 simply purports to define, as is shown by the heading of the section, when an order to open a road shall be executed, and nothing more.
 

 It is Section 6891 which defines the matters upon which appeal may be taken, and this specifically includes “appeal to the order establishing the proposed improvement.”
 

 Defendants in error claim that under the meaning given to “improvement” in Section 6862, which includes “vacation,” a specific right to appeal is granted under Section 6891.
 

 Plaintiffs in error, on the contrary, claim that Section 6862 confines this meaning of “improvement” as “vacation” to Sections '6862 to 6878, inclusive, and hence the definition cannot control in sections succeeding Section 6878.
 

 Section 6862 as originally drafted (106 O. L..
 
 *296
 
 574) did not contain the last sentence of its present form. It read as follows:
 

 “Section 3. Applications to locate, establish, alter, widen, straighten, vacate or change the direction of a public road, shall be made by petition to the county commissioners signed by at least twelve freeholders of the county residing in the vicinity of the proposed improvement, which petition shall set forth the route and termini of the road, or part thereof to be located, established, or vacated, or the particular manner in which such road is to be altered, widened, straightened, or the direction thereof changed.
 

 “When such road or proposed road lies wholly within any school district and is necessary for the convenience and welfare of the pupils in such district, the board of education of such district may, by resolution, petition for such road.”
 

 As admitted by plaintiffs in error, the section at that time showed upon its face that “improvement” meant “vacation,” for it provided that applications to locate, establish, alter, widen, straighten, vacate, or change the direction of a public road should be made by petition, signed by freeholders of the county residing in the vicinity of the proposed improvement. Hence the sentence defining the word “improvement,” which now ends the section, adds nothing to the meaning of “improvement,” at least for that particular section in which “improvement” always included “vacation.”
 

 However, plaintiffs in error claim that the last sentence of the present section, which provides that “the word ‘improvement’ used in Sections 6862
 
 *297
 
 to 6878, inclusive, of the General Code, signifies any location, establishment, alteration, widening, straightening, vacation or change in the direction of a public road, or part thereof,” imposes a limitation upon the meaning of the word “improvement,” and makes it include “vacation” only in Sections 6802 to 6878, inclusive.
 

 Is this the fact? The statute does not say that in Sections '6862 to 6878, inclusive, the word “improvement”
 
 shall signify
 
 any location, establishment, alteration, widening, straightening, vacation or change in the direction of a public road. It says the word “improvement”
 
 used in Sections 6862 to 6878,
 
 inclusive, “signifies * * * vacation * * V’ That is, the Legislature simply designates the general connection in which the word “improvement” is found, so that there may be no question that “improvement” means “vacation”, in this part of the statute, and so that the word “improvement” may be used in the enactment instead of a number of terms. This is very different from saying “improvement”
 
 shall signify
 
 “vacation” in Sections 6862 to 6878, inclusive.
 

 The sentence defining improvement (Section 6862, General Code) was first included in the statute in Volume 107, Ohio Laws, at page 71, which repealed and modified many sections of the road law. In this particular enactment (Volume 107, p. 71) Sections 6890 and 6891, and the subjects they cover, were not repealed nor modified. Sections 6862 to 6878, inclusive, were either modified or affected by the changes made therein, and it is hence plain that this last sentence, defining improvement mentions Sections '6862 to 6878, in-
 
 *298
 
 elusive, General Code, because those particular sections were in the mind of the Legislature in that particular enactment.
 

 As stated above, when the new road law was enacted in 106 Ohio Laws,.p. 574, containing Sections 6890 and 6891, Section 6862 did not then contain the sentence defining “improvement.” And yet, under plaintiffs in error’s own argument, “improvement” then meant “vacation” because an application to vacate even then had to be gigned by freeholders of the county residing in the vicinity of “the said improvement.” That law contained Section 6890 and Section 6891 in exactly the same form as they exist today..
 

 ■Since “improvement” meant “vacation” in Section 6862, as found in 106 Ohio Laws, “improvement” meant “vacation” in Section '6891 in 106 Ohio Laws, which was necessarily read
 
 in pari materia
 
 with Section 6862. The sentence which plaintiffs in error claim limits the definition of “improvement” as “vacation” to Sections 6862 to 6878, inclusive, was enacted in 107 Ohio Laws. That sentence did not purport to cover Sections 6890 and 6891. It did not repeal those sections expressly, nor by implication. As “improvement” in Section 6891 meant “vacation” in 106 Ohio Laws, it still means “vacation” after the amendment of 107 Ohio Laws. In other words, it cannot be said that the Legislature meant to change the meaning of Section 6891 by amending Section '6862 in 107 Ohio Laws.
 

 The word “improvement” is used in sections which follow Section 6878, as, for instance, in Section 6884. If “improvement” does not mean “va
 
 *299
 
 cation” in this case, under this section the wise provision that a majority vote of the commissioners of each county is necessary to establish vacation of a road located in two or more counties is done away. If “improvement” is not given the meaning of Section 6862, the following section (G. C., Section 6885) has little meaning. If “improvement” does not include “vacation” in Section 6885, how can improvement include an alteration, a straightening or a change in the direction of a public road and other action with regard to roads, defined as “improvement” in Section 6862, but which, as a matter of fact, might or might not be an improvement unless so designated by the statute? The interpretation of Section 6885 is thrown into endless confusion unless the definition of “improvement” given in Section '6862 applies thereto.
 

 If plaintiffs in error’s contention is correct, the law establishes strange inequalities. Section 6873, for instance, provides that, when an improvement has been established by order of a joint board of commissioners, appeal may be taken to the probate court. Are we to hold that “improvement” in Section 6873 means “vacation” because it comes between the Sections 6862 and 6878? In that event we should have to hold that an appeal may be taken from an order of vacation when established by order of a joint board of county commissioners, but may not be taken when the vacation is established by a single board of county commissioners.
 

 We hold, therefore, that the term “improvement,” as used in Section 6891, includes “vacation,” and that an appeal from the final order of
 
 *300
 
 vacation of the county commissioners does lie to the probate court under Section 6891.
 

 As is well said in
 
 Bode, Admx.,
 
 v.
 
 Welch,
 
 29 Ohio St., 19, at page 21:
 

 “The right to appeal from a subsisting judgment is as valuable and ought to be as sacred as the right to bring the original action, or to defend against it.”
 

 Plaintiffs in error next contend that if an appeal lay in this case the defendants in error could not appeal, as they were not “interested” persons within the meaning of the statute.
 

 "With respect to John E. Gibson, we question whether on the record this is the case, even within the view of the plaintiffs in error, for the tip of his property touches upon the extreme east end of the road here to be vacated. HoAvever, it is agreed that the other defendant in error, Leuthold, is not an abutting property OAvner. The record, shows that his property lies some 300 or 400 feet distant from the portion of the road sought to be vacated, and we shall decide this case as though the question involved related only to Leuthold.
 

 Plaintiffs in error say that a person whose property does not abut upon the portion of the road sought to be vacated has no easement of access in that portion of the road; that his property right is not affected, and that he is therefore not an interested person Avithin the statute (Section 6891) which provides that “any person * * * interested therein, may appeal.” As formerly drawn, the statute gave to “any freeholder of the tovmship” the right to appeal from the vacation of a road. Does the phrase “interested person” limit
 
 *301
 
 or extend the former definition? Plaintiffs in error claim that it limits the former definition and that it means “abutting owner.”
 

 Section 6862 provides that applications to locate or improve a road may be made by petition signed by twelve freeholders of the county “residing in the vicinity.” Under the appeal Section ('6891) if the petition is not granted, any one of the freeholders may appeal from the order of the commissioners refusing the establishment of a road. The petition is not limited to twelve freeholders, and only twelve. Fifty, one hundred, and conceivably, one thousand, might sign such a petition. Shall we say that an indefinite number of freeholders of the county residing in the vicinity of a, desired road, not necessarily abutting property owners, may appeal from an order refusing to establish a road, but that Leuthold, whose property is within 300 or 400 feet of the road vacated, cannot appeal from the order of vacation?
 

 If the Legislature had meant the interest of an abutting property owner, when it said “any person interested may appeal,” it could easily have used those words. Instead it used the general word “interested,” and thus apparently undertook to extend instead of to limit former more specific definitions of the class of persons that might appeal from an order establishing the proposed improvement.
 

 It is inconsistent to say that a freeholder residing. in the county within the vicinity, not an abutting owner, who signed a petition for an improvement, has such an interest that he may appeal from its refusal, but that a person residing in the vicin
 
 *302
 
 ity who is opposed to an improvement has not such an interest as to permit him to appeal. Reading the two statutes
 
 in pari materia
 
 we hold that those who are empowered to appeal from an order refusing an improvement have no greater right than those who may appeal from an order granting an improvement, and that the words “interested party” at least include freeholders of the county living in the vicinity who would be entitled to sign the petition for an improvement. Leuthold was one of these, and he was entitled to bring the appeal.
 

 This position has support in other states.
 
 Houpt
 
 v.
 
 Dutton,
 
 170 Ind., 69, 83 N. E., 634;
 
 Hull
 
 v.
 
 Stephenson
 
 (19 Wash., 572), 53 Pac., 669. The syllabus in the latter case reads as follows:
 

 “1. An- appeal from a final order of a board of county commissioners vacating a highway will lie to the superior court, under Hill’s Code, Section 298.
 

 “2. A party having the right to petition to vacate a highway under Laws 1895, p. 82, has the right to resist such a petition, and to appeal from an adverse decision.”
 

 We cannot subscribe to the doctrine laid down by plaintiffs in error that the vacation of a road, as it disposes of no property, is of importance only to the abutting owner. Every person residing’ in the vicinity has a direct interest in the maintenance of roads. Under the doctrine contended for by the plaintiffs in error a corporation owning thousands of acres might close roads for miles in extent without a possibility of appeal, because the corporation alone might be the abut
 
 *303
 
 ting owner. This possibility is not remote. The concentration of business enterprises in large units, the development of such agricultural implements as the tractor, bring before us the possibility of farming upon scales hitherto undreamed of. This development may result in the acquisition of great tracts of land, owned, perhaps, by many stockholders, but by a few companies only. If we hold that the right to appeal from an order vacating a road is to rest only with the abutting property owner, we open the door to the possible impairment of the entire road system.
 

 Judgment of the Court of Appeals affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias and Dav. JJ., concur.
 

 Wanamaker, J., not participating.