STUART et al. v. KING et al.

No. 34352.    April 4, 1950.

Rehearing Denied May 2, 1950.

*217 P. 2d 540.*

24

Mac Q. Williamson, Atty. Gen., and W. Hendrix Wolf, Brown Moore, John C. Monk, and R. L. Hert, all of Stillwater, for plaintiffs in error.

Guy L. Horton, of Stillwater, and J. A. McCollum, of Pawnee, for defendants in error.

GIBSON, J. October 20, 1948, fifteen freeholders residing in the vicinity hereinafter mentioned and acting under authority of Tit. 69 O. S. 1941 §363, filed before the board of county commissioners of Payne county a petition asking that a segment of a public highway within the campus of Oklahoma Agricultural and Mechanical College, at Stillwater, Oklahoma, be vacated and another routing of the highway be substituted therefor. Protests against the alteration were filed by other freeholders residing in the vicinity. Upon hearing had December 15, 1948, the board sustained the petition and by resolution vacated said segment of the highway and designated a new way as a substitute therefor. Five of the protestants appealed from the board's action to the district court of Payne county; and said appeal was docketed therein as cause No. 15656. Trial thereof was not had until July 11, 1949, and in the meantime there occurred the following:

Effective as of May 20, 1949, the Legislature enacted Senate Bill 215, same being Tit. 19, ch. 10, S. L. 1949, p. 150, under the terms of which the governing boards of state institutions are granted authority to vacate highways where the institution is the owner of the lands on both sides of the highway. Such authority is to be exercised after public hearing had in pursuance of prescribed notice. Acting under the terms thereof the Board of Regents of Agricultural and Mechanical College, on application filed with it, set June 28, 1949, as the date of hearing the question of vacating the same segment of the highway that was declared vacated by the board of county commissioners. On said June 28th, and before the hearing was had, the district court of Payne county, upon petition of several of the protestants, issued an alternative writ of prohibition directed to the Board of Regents restraining it from vacating the way pending further order of the court and requiring them to show cause on July 11, 1949, why they should not be permanently enjoined. The Board of Regents filed its response and therein tendered issue upon the allegations contained in the peti-

tion for the writ. That action is No. 15775 upon the docket. When the matter came on for hearing the city of Stillwater, upon leave granted, filed a petition in intervention in both causes, wherein it was averred that the way in question was within the corporate limits of the city, under its control, and that neither the board of county commissioners nor the Board of Regents had jurisdiction to vacate the same. Since the challenge to the jurisdiction of the county commissioners was determined adversely by the trial court, and the city has not appealed therefrom, and it appearing to this court that the board of county commissioners had jurisdiction, this phase of the matter requires no further consideration.

Upon stipulation said causes were consolidated for the purpose of trial, and upon conclusion thereof separate judgments were rendered. In cause 15656 the court rendered judgment vacating the order of the board of county commissioners, and in cause 15775 held Senate Bill 215 to be unconstitutional and made permanent the alternative writ. Motion for new trial in each case was overruled and exception saved. The petitioners appeal from the judgment in cause 15656, and the respondents therein appeal from the judgment in 15775. The appeals are upon a single case-made and stand consolidated for the purpose of review.

We consider first the appeal in 15656.

The grounds of error relied on are in substance as follows:

1. The order of the board of county commissioners vacating the street is not appealable and therefore final.

2. If said order is appealable the protestants are not authorized to appeal because they are not "persons aggrieved" within the purview of the statute.

3. The judgment of the court is contrary to the evidence.

By each of grounds 1 and 2 it is sought to establish error of court in overruling the motion of petitioners to dismiss the appeal to the district court.

In support of ground 1 it is contended that the act of the board of county commissioners in vacating the highway is purely administrative and presenting no judiciable question the same is therefore not appealable. As authority therefor there is cited Groenewold et al. v. Board of Com'rs of Kingfisher County, 195 Okla. 526, 159 P. 2d 258. By reason of the dissimilarity of the issues involved and the laws applicable thereto, the holding in that case can have no application to appeals under the statute here involved (sec. 363, supra) other than to limit to judicial or quasi judicial determinations the right of appeal, which by terms of the statute is granted as follows:

"Any person aggrieved by the foregoing proceedings shall have the right of appeal to the district court for final review and adjudication."

Since we shall hold that the decision of the board herein determined issues of a judicial nature, the holding in the cited case requires no further consideration.

Pertinent to the nature of that holding we said in Re Courthouse of Okmulgee County, 58 Okla. 683, 161 P. 200:

"The decision of a board of county commissioners, made in determining the proper location of a county courthouse and jail, and which involves a selection between different sites, being judicial in its nature, is a 'decision' from which an appeal will lie to the district court, pursuant to section 1640, Rev. Laws 1910, as amended by Act March 11, 1915 (Sess. Laws 1915, c. 117, p. 205)."

And, in the opinion, we further said:

"A quasi judicial duty is one lying in the judgment or discretion of an officer other than a judicial officer. When such an officer is charged with looking into and acting upon facts not in a way which the law specifically directs, but after a discretion in its nature judicial, the function is termed 'quasi judicial.'

An act is judicial when it requires the exercise of judgment or discretion by one or more persons, or by a corporate body when acting as public officers in an official character, in a manner which seems to them just and equitable. State ex rel. Board of Liquidation v. Briede, 117 La. 183, 41 South, 487; Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65; Malmo v. Commissioners, 72 Conn. 1, 43 Atl. 485; People v. Board of Supervisors, 35 Barb. (N. Y.) 408; Throop on Public Officers, sec. 553. The location, size, availability and suitableness of the Parkinson site called for the exercise of judgment and discretion, as did the right of the board to consider and decide whether or not it would take into consideration the Baker site, or make an independent selection."

The doctrine so announced was reaffirmed in Board of Com'rs of Cherokee County v. Hatfield et al., 121 Okla. 28, 247 P. 77.

Considering that the issue before the board in the instant case involved the question whether to alter the highway by vacating the segment and providing another way and whether the proposed new route or another would better serve the public interest, we hold the decision of such questions is no less judicial than those involved in the cited cases and the rule there announced is applicable and controlling herein.

The contention that protestants were without right to appeal is predicated on the conclusion they are not persons aggrieved within contemplation of the statute. To establish such conclusion it is urged that in order to be persons so aggrieved they must be owners of property abutting on the segment vacated or have some interest the impairment of which by the vacation of the way could entitle them to damages as in condemnation cases. However applicable such rule may be in other situations, it can have no application to appeals taken under said section 363 where the same is taken by a party thereto whether petitioner or protestant, and there is nothing to the contrary in the authorities relied on.

The only requirement necessary to entitle the petitioners to invoke the action of the board is that they be freeholders residing in the vicinity. This precludes the idea that the petitioners must have litigable rights involved and connotes only that they be responsible persons who are identified with the public interest and have an intelligent idea of the facts pertinent thereto. In view of the fact that in addition to personal notice to those through whose land the proposed road may pass a notice to the public also is required, no good reason appears why other residents possessing like qualifications as the petitioners may not protest the proposed action and we hold that such right obtains.

It is a fundamental rule that the right to invoke judicial action carries with it the right to appeal from an adverse decision unless the right of appeal is denied by law (3 C. J. 297). Under the circumstances the right of petitioners to appeal in event the action of the board had been adverse we consider to be beyond question. Why should respondents not have a like right of appeal?

This question has been considered by the Supreme Courts of both Washington and Ohio, in Hull v. Stephenson, 19 Wash. 572, 53 P. 669, and Board of Com'rs of Crawford County et al. v. Gibson et al., 110 Ohio St. 290, 144 N. E. 117, respectively, and in each the conclusion was reached that the right of appeal obtained. The cases being in accord in the reasoning, we need consider only the Ohio case. The question there was the vacation of a segment of an avenue in the city of Bucyrus and the governing statutes are similar to the Oklahoma statute here involved. There the jurisdiction of the board of county commissioners could be invoked by twelve or more freeholders of the county residing in the vicinity of the proposed improvement and the right of appeal was granted to "any person, firm or corporation interested therein." Upon application so made the board

vacated the segment of the avenue. A freeholder residing in the vicinity but not owning abutting property objected to the vacation and appealed therefrom. The issue involved arose upon motion to dismiss the appeal. The contention made and the disposition thereof is reflected in the following excerpts from the opinion:

"As is well said in Bode, Adm'x, v. Welch, 29 Ohio St. 19, at page 21:

" 'The right to appeal from a subsisting judgment is as valuable and ought to be as sacred as the right to bring the original action, or to defend against it.'

" . . .

"Plaintiffs in error say that a person whose property does not abut upon the portion of the road sought to be vacated has no easement of access in that portion of the road; that his property right is not affected, and that he is therefore not an interested person within the statute (section 6891) which provides that 'any person . . . interested therein, may appeal.'

" . . .

"If the Legislature had meant the interest of an abutting property owner, when it said 'any person interested may appeal,' it could easily have used those words.

" . . .

"It is inconsistent to say that a freeholder residing in the county within the vicinity, not an abutting owner, who signed a petition for an improvement, has such an interest that he may appeal from its refusal, but that a person residing in the vicinity who is opposed to an improvement has not such an interest as to permit him to appeal. Reading the two statutes in pari materia we hold that those who are empowered to appeal from an order refusing an improvement have no greater right than those who may appeal from an order granting an improvement, and that the words 'interested party' at least include freeholders of the county living in the vicinity who would be entitled to sign

the petition for an improvement. Leuthold was one of these, and he was entitled to bring the appeal.

"This position has support in other states. Houpt v. Dutton, 170 Ind. 69, 83 N. E. 634; Hull v. Stephenson (19 Wash. 572) 53 P. 669. The syllabus in the latter case reads as follows:

" '1. An appeal from a final order of a board of county commissioners vacating a highway will lie to the superior court, under Hill's Code, sec. 298.

" '2. A party having the right to petition to vacate a highway under Laws 1895, p. 82, has the right to resist such a petition, and to appeal from an adverse decision.'

"We cannot subscribe to the doctrine laid down by plaintiffs in error that the vacation of a road, as it disposes of no property, is of importance only to the abutting owner. Every person residing in the vicinity has a direct interest in the maintenance of roads."

Considering the doctrine there announced to be sound, we hold that the protestants herein enjoyed the right of appeal, and therefore the court committed no error in overruling the motion to dismiss.

In connection with petitioner's third ground, we observe that the court found as follows:

"The Court further finds that such Order and Resolution constitute an abuse of discretion on the part of said Board in that said Order and Resolution is capricious, arbitrary and not in the public interest and should therefore be reversed."

In attacking the judgment the petitioners contend that the action of the board is supported by the evidence and it was error of the court to not so find. And to sustain the judgment respondents contend that the action of the board was arbitrary and capricious because the facts afforded no warrant for the vacation of the way and that the real purpose of the vacation was to enable the Agricultural and Mechanical College to construct a building up-

on the site of the vacated way. These contentions indicate that the appeal from the board was to be considered as on transcript rather than for trial de novo.

By the express terms of the statute (19 O. S. 1941 §434) all appeals from the board of county commissioners are to be tried de novo.

Defining the extent of the jurisdiction of the court on such an appeal, we stated in Re Bucher, County Attorney, 162 Okla. 168, 20 P. 2d 150:

"On appeal from the board of county commissioners the district court takes appellate jurisdiction only, and the extent of the jurisdiction is determined by the jurisdiction of the board on the matter appealed from."

And the scope of its exercise is thus stated in Parker et al. v. Board of Com'rs of Tillman County, 41 Okla. 723, 139 P. 981, 983:

" . . . What they appealed from and its scope is confined to the matter upon which the board acted; to the very thing which was brought before it by the aggrieved parties."

The function of the court on the trial is not to affirm or reverse the action of the board, according to whether it is or is not sustained by the evidence, but to render such judgment upon the issues as the board should have rendered (4 C. J. 728, §2650, and cases cited). The judgment of the district court being upon the issues so made cannot be affected by any defect or infirmity appertaining to the judgment of the board (4 C.J. 728, §2650, and cases cited). It follows from this, as stated in 4 C. J. 729, §2653:

"Errors committed by the court below, which could have no effect upon the appellate court in determining the rights of the parties on a trial de novo, are immaterial and will not be considered. Of this character are errors in the admission or rejection of evidence."

The alteration in the highway that was petitioned is reflected in the resolution of the board, which adopted it as follows:

"Be It Therefore Resolved, And It Is Hereby Ordered that the Petition in this matter be granted, and that a portion of the section line between Sections Fourteen (14) and Fifteen (15), Township Nineteen (19) North, Range Two (2) East of the Indian Meridian, Payne County, State of Oklahoma, lying or being situated between what is commonly known as College Avenue and Miller Avenue (sometimes designated as Athletic Avenue) be vacated and abandoned as a section line road; and that in lieu thereof said section line road be relocated and re-routed from the corner of Washington Street and College Avenue West on College Avenue to Monroe Street, thence North on Monroe Street to Miller Avenue, then East on Miller Avenue (sometimes designated as Athletic Avenue) to Washington Street; which said relocated and re-routed section line road shall be thirty-three (33) feet in width."

As ground for the vacation of a part of the road, it is alleged:

"We show this Board that this portion of said Section line is now a dangerous thoroughfare in that thousands of college students cross said section line road on the campus daily, and there is a large amount of vehicular traffic on said road, including trucks carrying explosives, gasoline, butane, propane, etc., and there is constant danger to both foot traffic and vehicle traffic; and . . ."

None of the objections filed by the protestants, who appeal, goes to the jurisdiction of the board to make such alteration and they are pertinent to the issue before the trial court only to the extent they challenge the necessity for the alteration in the public interest. We shall consider the judgment of the court as holding the alteration would not be of public utility and review the evidence pertinent thereto. The governing rule in such situation is thus stated in 29 C. J. 506, §203:

"Public roads are laid out for the public convenience, and, therefore, should not be altered, except when the interests of the public require the alteration. The proposed alteration need not be a public necessity; it is sufficient if it would be of public utility. The alteration of a road is authorized on any ground for which a new road might be established. The possible danger from trains operated on a railroad track or the frightening of horses thereby is a proper consideration in determining the expediency of the proposed alteration."

The highway in question is located on a section line running north and south. It was opened and improved as a state highway about 1926. At that time the College buildings and the limits of the city of Stillwater lay to the east thereof. Since then, due to continuous growth, the College buildings and facilities lie on the west side of the highway as well, and the city limits have been extended west of the highway both north and south of the College grounds. In 1937, the State Highway Department abandoned the road as a state highway by detouring the State Highway, known as No. 40, from the section line some miles north of the College grounds and extending same southeastward therefrom to and over Main street of the city to the south. The grounds of danger to human life by reason of the volume and character of the traffic through the campus area, as alleged in the petition, is fully sustained by the evidence. Apart from the danger that is an incident of the volume and character of the traffic, the evidence reflects that at the time of the trial there were from thirty to forty thousand student-pedestrain crossings occurring daily in the two-block segment involved and that number stands to be increased by reason of a further growth of the College.

Such evidence of danger is sought to be minimized by evidence to the effect that through the years, and without stop lights installed, no student has suffered a traffic injury. Such fact may not negative the fact of danger but may be indicative of the exercise by both drivers and pedestrians of that care which was necessary to avoid the effect of existing dangers.

Highways are located with the idea of permanency in mind and contemplated future conditions are no less pertinent in determining their location than present conditions. And we consider that the matter of safety of those lawfully using the way, whether as travelers or pedestrians, is of vital importance and one that transcends the delay and inconvenience shown to result from the rerouting of the highway herein.

We hold that the petition for alteration of the highway is fully sustained by the evidence and that the court erred in not so holding.

The judgment in cause No. 15656 is reversed and the cause remanded, with instruction to enter judgment therein not inconsistent with the views herein expressed.

The effect of this judgment is to grant the relief sought in the proceeding begun under Senate Bill 215, which is involved in cause No. 15775, and it follows that the controversy therein is settled. By reason thereof, and without expressing any opinion upon the constitutionality of said Senate Bill which is challenged therein, it is ordered that the appeal in said cause No. 15775 be and the same is hereby dismissed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.