In re SPECIAL ELECTION IN STOCK DIST. NO. 2, DELAWARE COUNTY.

No. 34861.    April 3, 1951.

*229 P. 2d 565.*

Riley Q. Hunt and L. Keith Smith, Jay, for appellants.

Frieden L. Machesney, Co. Atty., Delaware County, Jay, and Hurst & Hurst, Tulsa, for appellees.

LUTTRELL, V.C.J. On May 5, 1950, the board of county commissioners of Delaware county entered an order canvassing the results of a stock law election held in stock district No. 2, Delaware county, on April 29, 1950, and approving the election. From this order certain residents of the district, feeling themselves aggrieved, appealed to the district court of Delaware county, and on August 2, 1950, the district court approved and affirmed the order of the board of county commissioners. The protesting parties appeal.

The facts were stipulated in the trial court, and the substantial facts are undisputed. The parties agreed that a stock law election, which was concededly valid, was held in the district on March 1, 1947. Thereafter, on July 2, 1949, another stock law election was held in district No. 2, and thereafter a third election was held on November 5, 1949. An appeal was taken to the district court from the order approving the election held on November 5, 1949, and on that appeal, on March 7, 1950, the trial court held that both elections held during the year 1949, to wit: the one held in July, 1949, and the one held in November, 1949, were invalid and void as violative of 4 O. S. 1941 §111, and pursuant to authority conferred by 19 O.S. 1941 §435, remanded the matter to the board of county commissioners with directions to reconsider the last petition for an election by the voters of stock district No. 2, dated October 3, 1949, and if they found that said petition contained the names and signatures of 25 per cent of the legal voters of said district, then to call another special election immediately at the next meeting of the board, giving notice as required by law. These directions were complied with by the county

commissioners, and resulted in the election which was protested by appellants herein, and from which they appealed to the district court, and then to this court.

The sole contention of appellants is that no appeal having been taken from the July, 1949, election, the validity thereof could not be attacked in a subsequent appeal from the November, 1949, election, and that the trial court, having been held to have only appellate jurisdiction on appeal from the board of county commissioners, could not consider the validity of the July, 1949, election, since only the validity of the November, 1949, election was involved in that appeal.

We are unable to agree with this contention. 4 O.S. 1941 §111 provides as follows:

"When a stock law election held under the provisions of chapter 3, article 5, Snyder's Statutes, has been held and the regulations resulting thereupon shall have been declared, such regulation shall remain in full force and effect until set aside by a subsequent election.

"When an election, as herein referred to has been held, no subsequent election can be held before the expiration of three years. Laws 1910-11, ch. 90, p. 200, section 1.

"I Section 191-201 of this title."

Since a concededly valid election was held on March 1, 1947, it follows that under the statute above set forth an election held within three years thereafter would be null and void as contrary to the positive prohibition contained in the statute. While it is true, as stated in the authorities cited by appellants, such as In re Bucher, County Attorney, 162 Okla. 168, 20 P. 2d 150; Stuart v. King, 203 Okla. 23, 217 P. 2d 540, and other cases, we have held that the jurisdiction of the district court on appeal from an order of the board of county commissioners was appellate only, and that in such case the trial court could exercise only the jurisdiction exercised by the board in the matter appealed from, it is clear that in order to determine whether the November 5, 1949, election was violative of the provisions of section 111, supra, it was essential that the trial court find and determine when the last valid election in said district was held. It being conceded that the March 1, 1947, election was valid, it necessarily follows that both the elections of July 2, 1949, and November 5, 1949, were invalid as being held within three years from the date of the last valid election.

Apparently the board of county commissioners in holding stock law elections in district No. 2 were either unaware of the three-year limitation contained in section 111, or were ignoring that provision. As appellants state in their brief, the statute had been flagrantly violated by the board, and in such case we think it was not only within the jurisdiction of the district court, but was its plain duty, to declare these flagrant violations of the law void and invalid, and to direct the resubmission of the question at a time when the three-year period had elapsed and a valid election could be held. 19 O.S. 1941 §435.

Appellants do not attack on any other ground the validity of the election held on April 29, 1950, and affirmed by the order of the board of county commissioners from which the appeal to the district court was prosecuted by them. Therefore, said election having been held more than three years from the date of the last valid election on March 1, 1947, it was properly affirmed by the board and by the district court on appeal.

Affirmed.