Alma JACKSON and B. C. Jackson, Appellants,

v.

Joe HUDDLESTON, Sheriff, McClain County, Oklahoma, Appellee.

No. 39657.

Supreme Court of Oklahoma.

Nov. 4, 1964.

As Corrected Nov. 24, 1964.

Paul R. Haunstein, Enid, for appellants.

Murray F. Gibbons, County Atty., Purcell, for appellee.

JOHNSON, Justice.

The sole question to be decided in this cause is whether the remedy of appeal by trial de novo in the district court may be invoked, under the terms of 10 O.S.1961, § 108, by the grandparents whose right of custody and access to the minor child became extinguished and terminated by a decree of the county court, sitting ex officio as the juvenile court, in a proceeding for adjudication of dependency and neglect.

The proceeding under review had its inception on January 18, 1961, when Joe Huddleston, appellee, filed in the county court a petition charging that Bradley Alton Harrison, a male child seventeen months of age, is dependent and neglected due to lack of proper parental care. In compliance with the provisions of 10 O.S.1961, § 106, summons was served on the child's parents and on the appellants, the maternal grandparents, in whose custody and control the minor was then remaining. After a hearing before the judge, in which the parents and grandparents participated without counsel, the county court adjudged on January 19, 1961, that (1) the child was dependent and neglected because "neither of its parents have made any effort to provide (him) the necessities of life"; and (2) the parents and grandparents were "perpetually restrained and enjoined" from claiming any rights to the child or from any access to him. The grandparents, who instituted an appeal from this decree to the district court, invoked the terms of 10 O.S.1961, § 108 and sought a trial de novo on both questions of law and fact. The appeal so taken was dismissed by district court's order of March 16, 1961, on motion of the county attorney, appearing as ex officio counsel for Joe Huddleston, appellee herein. In the present proceeding in error the grandparents seek review of the dismissal effected by the district court.

It is not disputed that the grandparents' appeal to the district court was taken within the time and in the manner prescribed by the applicable statutory provisions. 10 O.S.1961, § 108; 58 O.S.1961, §§ 724 and 725(1). At issue herein is solely the grandparents' right to invoke the remedy afforded by these enactments.

The provisions of 10 O.S.1961, § 108 govern the right of appeal from the county court, sitting as the juvenile court, to the district court in proceedings for adjudication of the child's status as dependent and neglected. So far as pertinent to the question before this court, the cited statute provides:

"Whenever a parent, guardian or other person having custody of a child is before the court on the hearing on a petition that such child is a delinquent or dependent or neglected child, upon adjudication that such child is delinquent or dependent or neglected, if it appears to the court that the conduct of such parent, guardian or other person having custody of the child, has contributed to such delinquency, dependency or neglect, the Court may issue a written order specifying conduct to be followed by such parent, guardian or other person having custody of the child with respect to such child. The conduct specified shall be such as would reasonably prevent delinquency, dependency or neglect as defined by this Act. * * * *Such parent, guardian or other person having custody of the child may appeal from such an order to the District Court in the same manner* as appeals are taken from the County Court to the District Court in probate cases, where said matters shall be heard de novo and, in turn, appeal may be taken from said District Court to the Supreme Court * * *."

By the plain terms of the enactment under consideration the right of appeal by trial de novo stands extended not only to the parents of the minor whose status of

dependency or delinquency is in controversy, but also to all persons "having custody" of such child. The remedy so afforded is available, whether the aggrieved party's rights of custody or access to the child were completely extinguished, as was the case here, or merely limited by "specified conduct," designed to prevent the minor's delinquency, dependency or neglect. Ray v. Woodard, Okl., 377 P.2d 216, 220.

■ Statutes granting the right of appeal must be liberally construed to serve the ends of justice. A legislative enactment affording the remedy of appeal will be accorded that construction which is reasonable and sensible, bearing in mind the remedy intended to be offered. Ray v. Woodard, supra. It is a fundamental principle of law that the right to invoke judicial action carries with it the right to appeal from an adverse decision, unless the remedy of appeal is denied by statute. Stuart et al. v. King et al., 203 Okl. 23, 217 P.2d 540.

■ At the time this proceeding was commenced in the county court, the appealing grandparents had the custody or control of the minor whose status as a dependent child was sought to be adjudicated. By force of 10 O.S.1961, § 106, the grandparents were hence entitled to service of process and became necessary parties to the proceedings. The county court, doubtless cognizant of the grandparents' standing and the existence of their claim, undertook to extinguish their rights of custody and access to the child. The grandparents were adversely affected by the county court's decree. Under the terms of 10 O.S.1961, § 108, the grandparents are manifestly embraced within the class of persons who may invoke the remedy of appeal by trial de novo.

The district court's judgment is reversed and cause remanded for disposition by trial de novo in a manner consistent with the views herein expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.