**Harold W. ALMEN dba The BUCKET SHOP, Appellant,**

v.

**OKLAHOMA CORPORATION COMMISSION, FUEL DIVISION, Appellee.**

No. 85387.

Supreme Court of Oklahoma.

Sept. 19, 1995.

876

Irwin H. Steinhorn, Oklahoma City, for appellant.

Marchi McCartney, Oklahoma City, for appellee.

SIMMS, Justice.

Does the Supreme Court of Oklahoma, or the Oklahoma County District Court, have appellate jurisdiction over a final order of the Oklahoma Corporation Commission which determines that an applicant is not entitled to reimbursement from the Oklahoma Petroleum Storage Tank Release Environmental Cleanup Indemnity Fund (Indemnity Fund)? We hold that the Supreme Court has appellate jurisdiction over this matter.

Claimant (appellant) applied to the Indemnity Program Administrator, an employee of the Oklahoma Corporation Commission, for reimbursement from the Indemnity Fund under 17 O.S.Supp.1994 § 350 et seq. The administrator denied the application determining that claimant had not met the eligibility criteria set forth in the statutes. Claimant then sought administrative review of that decision. The Corporation Commission concluded that appellant was not entitled to reimbursement from the Indemnity Fund.

Claimant filed a timely petition in error in the Supreme Court from the order of the Commission. As a precautionary measure, claimant also filed a petition in the district court, seeking review of the same Commission order.

The Corporation Commission has now filed a motion in this Court, requesting that we determine whether the Oklahoma Supreme Court, or the district court, has appellate jurisdiction. The Commission states that proceedings have been stayed in the district court pending this Court's determination of this issue.

Commission argues that appellate jurisdiction is proper in the Supreme Court because appeals from other Corporation Commission orders are taken directly to the Supreme Court, citing Oklahoma Constitution, Art. 9, § 20 (appeals from order regarding public utilities and public service companies), 52 O.S.1991 §§ 111, 113 and 141 (appeals in oil and gas conservation cases), 17 O.S.1991 §§ 309 and 310 (appeals from orders regarding underground storage tanks), and 17 O.S.1991 § 409 (appeals from orders regarding above ground storage tanks).

However, the Commission points out that the above cited statutes and constitutional provision expressly provide for appeals from Corporation Commission orders to the Supreme Court and that there is no such provision in the Oklahoma Petroleum Storage Tank Release Indemnity Program. 17 O.S.1991 §§ 350 et seq.

Title 17 O.S.Supp.1994 § 350 et seq., confers upon the Oklahoma Corporation Commission the duty to administer the Oklahoma Petroleum Storage Tank Release Indemnity Program. Section 350(B) provides that the Commission shall administer this program separate and apart from any other regulatory responsibilities of the Commission, including those regulatory responsibilities pursuant to the Above Ground Tank Regulation Act and the Underground Storage Tank Regulation Act.

This statutory scheme does not expressly provide for appeals from adverse rulings by the Oklahoma Corporation Commission. This silence is in contrast to the express

provisions for appeals from orders rendered in connection with regulatory authority conferred upon the Oklahoma Corporation Commission by the above cited other statutes and Oklahoma Constitution. Instead, 17 O.S. 1994 § 356(E)(2) provides that if the administrator denies an application for reimbursement, "the applicant may seek appropriate legal remedies." Thus, there is no express authority contained in the statutory scheme relating to the Petroleum Storage Tank Release Indemnity Program which permits an appeal either to the Supreme Court or the Oklahoma County District Court.

On the other hand, there is no express prohibition against an appeal. In *Jackson v. Huddleston*, 397 P.2d 132, 134 (Okl.1964), we held that it is a fundamental principle of law that the right to invoke judicial action carries with it the right to appeal from an adverse decision unless the remedy of appeal is denied by statute.

Thus, exercising the authority conferred upon this Court by Art. 7, § 4, of the Oklahoma Constitution, we determine that appeals from final orders of the Corporation Commission, adjudicating controversies arising under the Oklahoma Petroleum Storage Tank Release Indemnity Program, 17 O.S.Supp.1994 § 350 et seq. may be brought in the Oklahoma Supreme Court in the same manner as other appeals from final Oklahoma Corporation Commission orders. There is nothing in the language of 17 O.S.Supp.1994 § 350 et seq. which would indicate legislative intent to the contrary.

Although appeals from many administrative agencies are taken to the district court pursuant to 75 O.S.1991 § 318 (the Oklahoma Administrative Procedures Act), the Oklahoma Corporation Commission has been specifically exempted from the provisions of an Administrative Procedures Act, except for rule making functions.

The motion of the Oklahoma Corporation Commission to determine appellate jurisdiction is granted and it is determined that the Oklahoma Supreme Court has appellate jurisdiction over the cause. Consequently, this appeal may go forward in accordance with the Rules of Appellate Procedure in Civil Cases.

All the Justices concur.